K. E. EDWARDSON, Petitioner, v. LYDIA GERWIEN, Ruth Gerwien, a Minor, Fred Gerwien, Fred W. Gerwien, Edward H. Gerwien, Minnie Lau, Antonia Radke, Elizabeth Manke, Theresa Crosby, and N. G. Anderson, Treasurer of Mountrail County, North Dakota, and All Other Person or Persons That May Claim Any Interest in the Above Estate, Respondents, FRED GERWIEN, Fred W. Gerwien, Edward Gerwien, Minnie Lau, Antonia Radke, Elizabeth Manke, Theresa Crosby, Appellants.

(171 N. W. 101.)

**Wills — publication.**

1. Subdivision 3 of § 5649, Comp. Laws 1913, is as follows: "The testator must at the time of subscribing or acknowledging the same declare to the attesting witnesses that the instrument is his will;" *held* that the word "declare" as therein used does not mean that the testator must declare by spoken words that the instrument is his will, but such declaration may be made by other means than the use of spoken words, such as the use of signs, gestures, or any other means by which the testator can convey and make known to the witnesses that the instrument which he signed is his will. The word "declare" as thus used, means to make known, to signify, to show in any manner either by words or acts.

---

NOTE.—It seems to be well established that, to invalidate a will on the ground that the testator had insane delusions, the will must be the product of, or in some manner influenced by, the delusions; otherwise, the mere existence of delusions which do not affect the provisions of the will does not invalidate it, as will be seen by an examination of the cases collated in notes in 27 L.R.A.(N.S.) 62, and L.R.A. 1915A, 458, on insane delusions as affecting capacity or incapacity to make will.

On insane delusions and testamentary capacity in general, see note in 63 Am. St. Rep. 94.

**Wills — testator — delusions.**

2. Where one is contesting proof of a will on the ground that the testator at the time of making the will was possessed of certain insane delusions, it is not sufficient to introduce evidence which tends to prove the testator was possessed of such delusions. There should be further proof by the contestant to the effect that such alleged insane delusions have no foundation in fact or probability, in order to show that the delusion is wholly a product of the imagination; *held* in this case there is a failure of proof, there being no testimony introduced to show that the insane delusions alleged to have been possessed by the testator had no basis in fact or probability.

Opinion filed February 5, 1919.

Appeal from a judgment of the District Court of Mountrail County, North Dakota, *Frank E. Fisk,* J.

Affirmed.

*F. F. Wyckoff,* for petitioner.

*Charles Loring, G. A. Youngquist,* and *Alfred Halvorsen,* for Lydia Gerwien et al.

"The request may be valid, although made before a testator has signed the will, on a previous day, or after the witnesses have signed." 40 Cyc. 1115, 1116.

The request to the witnesses to sign may be made by words or signs. No particular form of request is necessary, and it may be implied from acts. 30 Am. & Eng. Enc. Law, 596; 1 Schouler, Wills, § 329; 40 Cyc. 1115, 1116; Rogers v. Diamond, 13 Ark. 474; Schierbaum v. Schemme, 157 Mo. 1, 80 Am. St. Rep. 607, 57 S. W. 526.

"Anything which conveys to the witnesses the idea that they are desired to be witnesses is a good request." 30 Am. & Eng. Enc. Law, 596; Brown v. De Selding, 6 N. Y. Super. Ct. 10.

"Any single act of the testator clearly indicating an intention to request the witnessing of such publication is sufficient." Coffin v. Coffin, 23 N. Y. 9; Re Wooley, 41 N. Y. Supp. 263; Moore v. Moore, 2 Bradf. 261.

"No particular form of words or acts of publication are necessary. Any communication to the witnesses, either by word, act, signs, or conduct, which makes it certain that the testator means the paper which he signs to be his will, is sufficient." 40 Cyc. 1117; Re Wylie, 57 App. Div. 574, 145 N. Y. Supp. 133, 162; Ray v. Walton, 9 Ky.

71; Dean v. Dean, 27 Vt. 746; Brinkerhoofs v. Remsen, 8 Paige, 488; Re Buel, 44 App. Div. 4, 60 N. Y. Supp. 385; Lane v. Lane, 95 N. Y. 494; Hunn v. Case, 1 Redf. 307.

Attestation is the act of witnessing the execution of an instrument and subscribing the name of the witness in testimony of such fact. 4 Cyc. 888; Burrill, Law Dict.; International Trust Co. v. Anthon, 45 Colo. 474, 22 L.R.A.(N.S.) 1002, 101 Pac. 781, 16 Ann. Cas. 1087; 6 C. J. 553; White & Co. v. Magarahan, 87 Ga. 217, 219, 13 S. E. 509.

"An insane delusion is a false belief, originating spontaneously in the imagination, without foundation either in fact or evidence, of the falsity of which the person affected cannot be convinced by argument or proof." 28 Am. & Eng. Enc. Law, 80; 40 Cyc. 1013; Prinsep v. Sombre, 27 L.R.A.(N.S.) 63.

*E. R. Sinkler* and *M. O. Eide,* for respondents and appellants.

"It is necessary that the testator declare to the attesting witnesses that the instrument is his last will." Comp. Laws 1913, § 5649; Baskin v. Baskin, 36 N. Y. 416, affirmed in 48 Barb. 200; Re Lang, 30 N. Y. Supp. 388; Re Fusilier, Myr. Prob. 40; 2 Code Rep. 153; Seymour v. Van Wyck, 6 N. Y. 120; Burrit v. Stillman, 16 Barb. 198; Lewis v. Lewis, 11 N. Y. 220, affirming 13 Barb. 17; Hunt v. Mootrie, 3 Bradf. 322; Re VeVine, 24 N. Y. Supp. 838; Ruthford v. Ruthford, 43 Am. Dec. 644; Brown v. DeSelling, 6 N. Y. Super. Ct. 10; Auburn Theological Seminary v. Calhoun, 62 Barb. 381; Walsh v. Laffan, 2 Dem. Sur. 498.

The rule that the intention must govern, which applies to the interpretation of wills, does not apply to their execution. 40 Cyc. 1097; Thompson, Wills, 440; Schouler, Wills, 257; Re Walker, 110 Cal. 387, 30 L.R.A. 460; 52 Am. St. Rep. 104, 42 Pac. 815; Re Ritchier, 25 Misc. 365, 55 N. Y. Supp. 642; Re Arneson, 126 Wis. 112, 107 N. W. 21; Re Abercrombie, 24 App. Div. 407, 48 N. Y. Supp. 414; Re Noyan, 40 Mont. 178, 105 Pac. 1013.

Where required by statute, there must be some declaration by the testator that the instrument is his will. 40 Cyc. 1117; Schouler, Wills, 326; Thompson, Wills, 445; Remsen v. Brinckerhoff, 26 Wend. 325, 37 Am. Dec. 251.

If the provisions in a will are based upon insane delusions it voids a will. Hardenburgh v. Hardenburgh, 109 N. W. 1014; Swygard v.

Willard, 76 N. W. 755; Medill v. Snyder, 58 Pac. 962; Schneider v. Vosburg:, 106 N. W. 1129.

The fact that the will accords with testator's previously expressed intentions is immaterial if founded upon a delusion. Ballantine v. Proudfoot, 22 N. W. 392; 60 Hun, —; 121 Ill. 376; Riggs v. American Home, 35 Hun, 658; Merrial v. Raston, 5 Redf. 220; Potter v. McAlpine, 3 Dec. 122; Benoist v. Murrin, 58 Mo. 307; Re Tittle, Myr. Prob. 12; Re Black, Myr. Prob. 24; Thomas v. Carter, 170 Pa. 272, 50 Am. St. Rep. 550, 33 Atl. 81; Townsend v. Townsend, 7 Gill, 10; Taylor v. Trich, 165 Pa. 586, 44 Am. St. Rep. 679, 30 Atl. 1053; Am. Seaman's Friend Soc. v. Hooper, 43 Barb. 625, affirmed in 33 N. Y. 619; Colhoun v. Jones, 2 Redf. 34; Re Shaw, 2 Redf. 107; Cotton v. Ulmer, 45 Ala. 378, 6 Am. Rep. 703; Wetter v. Habbersham, 60 Ga. 193; American Bible Soc. v. Prince, 115 Ill. 623; Thorncton v. Appleton, 29 Me. 298; Rivard v. Rivard, 109 Mich. 98; Ballantine v. Proudfoot, 62 Wis. 216.

GRACE, J. Appeal from the district court of Mountrail county, North Dakota, Frank E. Fisk, Judge.

The action is one which involves the construction of a will. A full statement of the facts will greatly aid in understanding the case. Herman Fred Gerwien of Mountrail county, North Dakota, died the 24th day of February, 1916, at Powers Lake, North Dakota. He left a will in writing which was his last will and testament, in which he appointed K. E. Edwardson as executor. His heirs at law were his father, five sisters, two brothers, and a niece. The testator died seised of certain real and personal property. The testator by will divided and bequeathed all his real property to Ruth Gerwien, daughter of Lydia Gerwien, and Lydia Gerwien, by specific bequests as shown by the will, and all of the personal property to Ruth Gerwien. The petition shows the probable value of the real estate to be $3,500, and the yearly rents, profits, or income of the probable value of $100. It also shows the value of the personal estate to be about $1,600.

Objections were filed to the petition to prove the will by Lydia Gerwien, Fred W. Gerwien, Fred Gerwien, and Edward H. Gerwien. The cross petition was interposed by Edward H. Gerwein, Lydia Gerwein, Fred W. Gerwien, and Fred Gerwien. The case was first tried in the

county court and decree entered therein. From that decree, appeal was taken to the district court of Mountrail county by all the respondents excepting Lydia Gerwien and Ruth Gerwien. The trial was had in the district court and judgment was rendered admitting the will to probate and adjudging that the will was duly executed and published. From that judgment, the appeal was taken to this court by certain of the legal heirs other than Lydia Gerwien and Ruth Gerwien.

The questions presented in this appeal are: First, whether the testator made sufficient publication of his will; second, whether he had sufficient mental capacity at the time of the execution and making of the will to make the same. As to the first question relating to the proper and legal publication of the will, we are fully convinced, after a thorough examination of the evidence and the law relative thereto, that there was a sufficient publication of the will. Subdivision 3 of § 5649, Comp. Laws 1913, reads as follows: "The testator must, at the time of subscribing or acknowledging the same, declare to the attesting witnesses that the instrument is his will."

The will was properly executed. The testator properly signed it in the presence of two witnesses, each of whom witnessed the same in the testator's presence. What is the signification of the word "declare" as used in the above section? We are of the opinion that the word "declare" as used there signifies any act on the part of the testator which would show or make known to others, such as witnesses to the will or other persons present, that the instrument which the testator signed is his will, and that he understands and intends it as such. In declaring the same to be his will, the testator is not required to do so by words, but he may by other means than the use of words, such as the use of signs, gestures, or any other means by which the testator can convey and make known to the witnesses or others present that the instrument which he signs is his will. Lane v. Lane, 95 N. Y. 494. The word "declare" as used in our statute does not mean that one must speak. It means to make known, to signify, to show in any manner either by words or acts. This must be true, otherwise there would be many cases where the testator, having capacity to make a will, could not make one if the word "declare" in our statute means what appellant contends, which, in substance, is that the testator must audibly declare by spoken words that the instrument which he signs in the

presence of the witnesses thereto is his will. A person may have entire capacity to make a will, his mind may be clear, active, and intelligent, and we will assume that his capacity to make a will is such that it cannot be questioned; let us suppose, however, he has no power of speech by reason of paralysis; that his vocal organs are paralyzed and that he has no use of his tongue; that he has no power of articulation, the voice gives forth no sound. Can it be said that such a one, otherwise having full capacity to make a will, could not, in some other manner than by spoken words, make known to the witnesses to the will or others present that the instrument, which he has the power of reading and understanding and fully comprehends, is his will? We think it is self-evident that such one could by any other act which would convey his assent, and make known his understanding and approval of the instrument which he signs, declare the same to be his will, and a declaration thus made would be perfectly proper, entirely legal, and in harmony with the word "declare" as used in our statute. The testimony in the case by Edwardson, who was named as the executor of the will, Hesla and Olson, the attesting witnesses, is quite clear and convincing that the testator, by acts and signs other than spoken words, plainly and unmistakably declared the instrument, which he signed in their presence, to be his will. Authority which upholds what we have said in this regard is as follows: 40 Cyc. 1115–1116; 30 Am. & Eng. Enc. Law, 596; 1 Schouler, Wills, Exrs. & Admrs. 329; Rogers v. Diamond, 13 Ark. 474; Schierbaum v. Schemme, 157 Mo. 1, 57 S. W. 526, 80 Am. St. Rep. 607.

We proceed to consider the second main question in the case. The appellant very strenuously contends that the testator at the time of the making of the will in question was without capacity to make it. This, for the reason that the testator is claimed to have been of unsound mind, in this that he was laboring under certain insane delusions, prominent among which, appellants claim, is that he believed that his relatives were striving to get his property away from him, and to starve him, and other alleged insane delusions which testator was claimed to have had for considerable length of time prior to and including the time of the making of his will. There was considerable testimony introduced at the trial for the purpose of proving that the testator was possessed of the insane delusions referred to. The very serious question

is: Even accepting all of such testimony at face value, giving to it full credence, is it sufficient as it now stands to prove, as a matter of law, the possession of such insane delusions by the testator at and before the time of the execution of the will? We will discuss but a single one of these alleged delusions and in the discussion endeavor to formulate the rule of proof that must be present to prove the actual existence of an insane delusion. We will assume it, therefore, to be a fact that, long prior to the time of the execution of his will and continuously up to and including the time of the making of his will, the testator did claim and did state in the presence of others and to others, that his relatives, other than the legatees, were striving to get his property from him. This is the strongest position that can be assumed for appellant's contention. Was this proof sufficient to prove an insane delusion in this regard? We certainly think not. We are of the opinion the appellants would have to go much further and prove that what was claimed to be an insane delusion, that is, that his relatives were striving to get all his property from him, was in fact false; that such statements of the testator with reference thereto had no basis in fact, and were not founded in reason or probability; that the matters claimed to constitute a delusion had no real existence, but were purely a product of the imagination. It would seem, if there were any evidence even though slight or inconclusive, which may have contributed to the belief held by one, claimed to be afflicted with the delusion, then his belief cannot be said to be a delusion. As we view the matter in this regard, there is a failure of proof. The appellants should have gone much further and have proved that there was no foundation in fact, none in reason or probability for the belief held by the testator; to wit that his relatives were striving to obtain his property. The delusion of which it was important to have copious proof in this case, such as we have indicated, was that relating to his relatives striving to get his property away from him. This, for the reason that the will dealt exclusively with that property. As it appears to us, the appellants have failed to furnish such proof as would warrant the court in saying that the belief of the testator in this regard was an insane delusion.

Neither can the court say that the testator was insane at the time he made his will. It must be presumed that he was sane until the contrary

appears by competent proof. There is no such competent proof in this record. It is true the evidence shows to some extent that the testator was filthy. Filthiness is not necessarily an evidence of insanity. The appellants also rely upon the circumstances that the testator for as much as two weeks at a time would lie in bed with his clothes on, including his overcoat, and for three or four days refused to eat. Keeping in mind the unfortunate condition of the testator, which existed at least for some considerable period of time, that he was afflicted with that most dreadful malady, pulmonary tuberculosis, it is not at all strange that he would lie in bed several days, nor that he kept his overcoat on at those times. There is no doubt but that his vitality was exceedingly low, more than likely his appetite was exceedingly poor. These and kindred symptoms as common knowledge tells us accompanying such a dread disease would be sufficient explanation for such matters as lying in bed in the manner claimed and refusing to eat, etc. Authority which intelligently discusses insane delusions may be found in 40 Cyc. 1013, 28 Am. & Eng. Enc. Law, 80. Neither is there any merit in the contention that the insane delusion which we have discussed finds any proof of existence in the fact that the testator willed all his property to Ruth Gerwien and Lydia Gerwien, her mother, the niece and sister of the testator, and was particular in his will to exclude all other relatives. The clause excluding the other relatives was a very proper one if he desired to exclude them from participation in his property, and the fact that the testator included that provision in his will in no manner strengthens the appellants' contention.

We are fully convinced that the judgment of the District Court should be affirmed, and it is affirmed, with statutory costs.

CHRISTIANSON, Ch. J. (concurring specially). Appellants contend that the will involved in this controversy is invalid: (1) Because there was no sufficient publication thereof; and (2) because the testator was insane and hence incapable of making a will. Both questions were decided against the contentions of the appellants both by the county and the district courts. And, in my opinion, the findings of the trial court are amply sustained by the evidence, and the judgment should be affirmed.