IN RE SUTTON DAVIS' WILL.

*Joint Will of Two Persons—Probate.*

1. An instrument of writing, purporting to be the joint will of two persons, cannot be probated as the will of both if one of the parties be living.

2. An instrument of writing, jointly executed by a husband and wife, pur-

120—2

porting to be their joint will, devising to a third person lands belonging partly to each, may, upon the death of the husband, and during the life of the wife, be probated as his will, as to his property devised thereby, and upon the death of the wife, unless revoked, may be probated as to her property.

PROCEEDING for the probate of a certain paper writing purporting to be the will of Sutton Davis and Henrietta Davis, his wife, heard before the Clerk of the Superior Court of BEAUFORT County, who refused to admit the instrument to probate, either as the joint will of the two or as the separate will of Sutton Davis, who had died. On appeal, His Honor, *Timberlake, J.*, at CHAMBERS, affirmed the judgment of the Clerk, and Thad. R. Hodges, the person named in the instrument as executor, appealed.

*Mr. Chas. F. Warren,* for Thad R. Hodges, propounder (appellant).

No counsel *contra.*

FAIRCLOTH, C. J.:   On July 27, 1893, Sutton Davis and wife, Henrietta Davis, jointly executed an instrument of writing, regular in all respects, purporting to be their last will and testament, giving several tracts of land to Fanny Roberson and others and their heirs and assigns.   On July 15, 1896, Sutton Davis died, Henrietta is still living.

The executor named in the will offered to prove the paper writing as the joint will of the signers, also to prove it as the separate will of Sutton Davis, and to qualify as executor.   The clerk refused the motion, and on appeal His Honor affirmed the judgment of the clerk.   The executor appealed, assigning as error, 1. the refusal of the court to declare said writing to be the joint will of Davis and wife; 2. the refusal of the court to declare said writing to be the will of the husband alone and to order the clerk to qualify him as executor thereof

This case is somewhat novel, and presents a question which, so far as we have discovered, has not been brought to the attention of this court except in one case.  First, Can the paper writing be probated as the joint will of the signing parties?  Second, If it cannot, may it be proved as the separate will of the deceased husband?

The record fails to disclose whether the property belonged to one or partly to each of the devisors, but we are informed by counsel that some parts of the land belonged to each.  We shall assume such to be the fact, as that is the strongest view against the executor.  The paper professes in plain language a joint purpose to dispose of the property in a single instrument and to have one executor. There is no intimation of survivorship on the death of one, or when the devise shall become operative, whether upon the death of one as to his or her part, or upon the death of both as to the whole property.  The question then must be answered upon these plain words, ''We give and bequeath to Fanny Roberson, colored, and her daughter Adelia Roberson, and their heirs and assigns, a certain tract or parcel of land bounded and described as follows,'' &c.

We omit from our consideration the first error assigned, for in no view can the instrument be proved as the will of both, the wife now living.  If established in any way, it must be as the separate will of the deceased husband.  The text books to which we were referred on this subject, treat of joint wills, conjoint wills, compacts and mutual wills, &c., all of which would fall under the first error assigned.

There is nothing from which it can be implied even that there was any agreement that if one should devise to these devisees the other would do so, or that if one should afterwards revoke the other would do so.  Either had the right to do so, and without notice to the other.  It is not like the

case of a mutual will, in which after the husband's death, by which event the wife's estate was much increased, she makes another will and diverts the husand's property from the course intended and agreed upon by them at the execution of the joint will. In such case the probate court was unable to control and prevent the wrong, but a court of equity takes hold on the ground of preventing a fraud.

So, the rights of parties in a court of *probate* are essentially different from their rights after probate, which are to be administered in another jurisdiction. Then why may not a husband and wife convey their separate property by will as well as by deed? The irrevocability in the latter case, and the revocability in the former, necessarily so as long as the party lives, can make no difference, because the act must be as valid at the time it is done in the one case as the other. Third parties are interested in contracts (as deeds), whereas no one can acquire any interest in a devise until after the devisor's death. We find nothing in the Statute of Wills in conflict with this view. If each had made a separate will at the same time, giving the same property to the same devisees, there could be no doubt of the validity of each, with the power to revoke at any time. Can the fact that they did so by one joint act change the character of the transaction? The intent of both is equally manifest, and the intent is the controlling element, both in the execution and construction of wills.

In *Clayton* v. *Liverman*, 19 N. C., 558, the majority of the court held that a will jointly executed by two sisters could not be probated, either as a joint will or as their separate wills. There, both died within a few days of each other, and the will was not offered for probate until after the death of both. The decision was upon the ground that it was a very singular case and that such an instrument, as a will, was unknown to the law of this country, and relied

upon *Hobson* v. *Blackburn*, 2 Eng. Eccl, Rep. 115. Daniel, J., in his able dissenting opinion, combats the whole argument of the court and insists that the court misapprehended the Judge's opinion in *Hobson* v. *Blackburn*, *supra*. On a close reading of the case we think the court did misconceive the question at issue in *Hobson's case*, and we approve the conclusion in the dissenting opinion. As the question was so ably discussed in *Clayton* v. *Liverman*, *supra*, we are not disposed to repeat it, but only give the conclusion.

We find in the books and cases cited below that the current of opinion in the States is contrary to that in *Clayton* v. *Liverman*, *supra*, and we think the reason and common sense of the question are the same way. 1 Schuyler on Wills, sec. 456, n. 4, 457, 459; Law Journal 1858, 62 p. 87, vol. 31; 1 Redfield on Wills, 182-3; Theobold's Law of Wills, 12; 1 Jarman on Wills, 201, n. 31, n. 5; *Beth* v. *Harper*, 39 Ohio St. Rep. 639, 641; in the matter of Diez, 50 N. Y. 94; *Evans* v. *Smith*, 28 Ga. 98.

Our conclusion is that the instrument offered for probate may be proved now as the separate will of Sutton Davis as to his property described therein and that, unless in some way revoked, it may, upon the death of his wife, be probated as to her property mentioned therein.

Reversed.