MINNIE GERBRICH

*v.*

HENRY FREITAG.

*Opinion filed February 21, 1905.*

1. WILLS—*right of persons to jointly execute a will.* Separate wills may be written in one instrument and executed jointly by both parties, even though they devise their property reciprocally to each other, if the will is such that it may be given effect on the death of either as to the property of that one, and in such case the will may be probated on the death of either as his separate will, and on the death of the other be again probated as the will of the latter.

2. SAME—*joint will cannot suspend disposition of property until death of both parties.* Unless an instrument executed jointly by two persons as their wills is such that the disposition of the property is suspended until the death of both parties, so that it cannot be executed as the separate will of the one dying first, it is no objection that the wills are combined in a single instrument.

3. SAME—*when single instrument may be given effect as the separate will of each joint signer.* An instrument executed by husband and wife as their joint will, by which each devised his or her property, with the provision that each parcel of land should pass to the possession of the devisees at the death of the owner, subject to the requirement that each devisee should pay the survivor the cur-

rent rate of rent and pay the taxes and interest on the mortgage, passes the beneficial interest in the land to the survivor, which vests at the death of the owner, and is, in effect, two separate wills, which may be probated separately as the will of each maker.

APPEAL from the Circuit Court of McLean county; the Hon. COLOSTIN D. MYERS, Judge, presiding.

LIVINGSTON & BACH, for appellant:

A will cannot be made by two or more persons unless it can be regarded as probated separately for each, without regard to the fact that another maker is still living. *In re Davis,* 120 N. C. 9.

Joint wills incapable of being separated as the separate will of each maker should not be probated. *State Bank* v. *Bliss,* 67 Conn. 317; *Walker* v. *Walker,* 14 Ohio St. 157.

Evidence of other than subscribing witnesses is admissible on appeal from probate of will in probate court on the question of fraud, compulsion or improper conduct. *In re will of Bonse,* 18 Ill. App. 437; *Walker* v. *Walker,* 2 Scam. 291; *Andrews* v. *Black,* 43 Ill. 256; *In re Davis,* 120 N. C. 9; *Betts* v. *Harper,* 39 Ohio St. 641; *Black* v. *Richards,* 95 Ind. 184; *Allin* v. *Bonner,* 8 Wis. 364; *Estate of Cawley,* 136 Pa. St. 628; *March* v. *Huyter,* 50 Tex. 243; *In re will of Diez,* 50 N. Y. 88.

E. E. DONNELLY, for appellee:

The law does not attempt to make wills for people, but its policy is to uphold wills made by them. A testator has the unquestioned right to bestow his bounty where and on whom he pleases, even where there are children. *Yorty* v. *Webster,* 205 Ill. 630.

Joint, mutual, double or reciprocal wills are valid, and should be probated as the separate will of the testator dying first. *Allin* v. *Bonner,* 8 Wis. 364; *In re will of Diez,* 50 N. Y. 88; *Betts* v. *Harper,* 39 Ohio St. 641; *Black* v. *Richards,* 95 Ind. 184; *Estate of Cawley,* 136 Pa. St. 628; Rood

on Wills, sec. 70; *Edson* v. *Parsons,* 155 N. Y. 555; Tiedeman on Real Prop. sec. 886*a;* Page on Wills, secs. 67, 68; 1 Underhill on Wills, secs. 11, 12; *In re Davis,* 120 N. C. 9.

A joint will may be, and ought to be, probated on the death of each testator as the separate will of the decedent. 1 Underhill on Wills, sec. 12; Page on Wills, sec. 68; Rood on Wills, sec. 71.

If either testator did not possess testamentary capacity when he joined in the execution of a will, or if he failed to comply with any statutory formality, the will is invalid as to him, although it is valid as to his co-testator. 1 Underhill on Wills, sec. 12.

Mr. Justice Cartwright delivered the opinion of the court:

An instrument in writing executed by Ulrich VonGans and Hannah VonGans, husband and wife, was offered for probate in the county court of McLean county as the will of said Hannah VonGans, who died February 15, 1903, leaving surviving her, her said husband, Ulrich VonGans, five children by her former husband, Freitag, and Henrietta Ernestine VonGans, named in the instrument as the daughter of said Ulrich and Hannah. Appellant, who is one of the children of the former marriage and who was given by the instrument one dollar, with the statement that she had received other valuable consideration in advance, objected to the probate of the instrument as a will, both because it was not executed according to law and because it was not such an instrument as could be probated as the will of Hannah VonGans. The county court admitted the will to probate and appellant appealed to the circuit court, where it was again admitted to probate, and this is an appeal from the order of the circuit court.

The objection made to the instrument is that it is a joint will, incapable of being probated as the will of Hannah VonGans while the other maker, Ulrich VonGans, is living. Two

persons may at the same time execute separate wills dispos-
ing of their property, and there is no legal objection to unit-
ing the wills in a single instrument if it is such that it may
take effect upon the death of one of the parties so far as it
relates to the property of that one. The fact that husband
and wife devise their property reciprocally to each other by
the same instrument, or that it is a joint or mutual will, does
not deprive it of validity if the will can be given effect on the
death of either so far as the property of that one is concerned.
If it is of that character it may be probated upon the death
of one as his or her separate will, and upon the death of the
other can be again proved as the separate will of the other.
Unless the provisions of the instrument are such that the
disposition of the property is suspended after the death of
one until the death of the other, so that it cannot be executed
as the separate will of the deceased party, it is no objection
that there is but a single instrument. *In re Davis,* 120 N. C.
9; *Betts* v. *Harper,* 39 Ohio St. 639; *Estate of Cawley,* 136
Pa. 628; *Evans* v. *Smith,* 28 Ga. 98.

In this case the instrument was declared by the parties
to be their joint last will and testament. Hannah VonGans
was the owner of two hundred and eighty acres of land, and
also of an undivided one-half of one hundred and nineteen
acres of which she and her husband, Ulrich VonGans, were
tenants in common, he owning the other undivided one-half.
These lands were their only property. The will provided
that the just debts and funeral expenses of the makers should
be paid, including a mortgage for $10,000 on the lands, and
directed that the five children to whom the lands were de-
vised should each assume the sum of $2000, or such equal-
ized portion of the mortgage as might remain unpaid at the
time of their death. The lands were devised to four of the
children of Hannah VonGans, excluding appellant, and to
Henrietta Ernestine VonGans, in tracts of eighty acres each,
except one tract which was seventy-nine acres. One of the
daughters was to pay to John Freitag, one of the sons, a note

given to the testator and testatrix for cash loaned to her husband. The will contained the following provision: "Each parcel of said land to pass into the possession of our devisees at our, one or the other, demise, and each devisee to pay the survivor a current rate of rent per acre on said land so devised during his or her natural life, together with the taxes, interest on mortgage," etc.

The will was written by a friend of the parties who had been in the grocery business and who was unskilled in such matters. They had been in the habit of trading with him, and he wrote the will from deeds furnished by them. While the forms of expression used are not the same as would have been employed by one more experienced in writing wills, we find no especial difficulty in determining the intent of the parties. By the will each one devised his or her own property, with the provision that each parcel should pass into the hands of the devisees at the death of the owner, but such devisee was to pay to the survivor, during his or her natural life, the current rate of rent per acre, as well as the taxes and interest on the mortgage. The possession being subject to the payment of the current rate of rent, together with the taxes and interest on the mortgage or such part as might remain unpaid, the survivor would be entitled to the full beneficial use of the land for his or her life. That beneficial use in the lands devised by Hannah VonGans became vested in Ulrich VonGans upon her death, and it would only come to an end and the land be freed from the rent charge upon his death. There is nothing in these provisions which suspended the disposition of the property or the operation of the will until the death of Ulrich VonGans, but the instrument is, in effect, two distinct wills, which may be probated separately and be successively proved as the separate will of each maker.

It is claimed that the proof did not show a legal execution of the will. The evidence was that the makers of the will were Germans but they understood English. The person

who drew the will read it to them in English and also explained it in German. He called in the witnesses and asked the makers if they were satisfactory and if they should sign as witnesses, and the makers gave their assent by nodding their heads. The makers of the will took it away with them and kept it six or seven years, and the evidence sufficiently proves that they understood its contents and executed it in accordance with the law.

Appellant offered the testimony of herself and her husband that one of the witnesses testified differently on the application to probate the will in the county court from his testimony in the circuit court as to whether the will was signed before he was called in as a witness. An objection to the offer was sustained. If this testimony had been admitted it could not have affected the result. In fact, appellant proved by a third subscribing witness to the will that the man who drew it called the witnesses into the room and introduced them to the testator and testatrix, and stated that they had drawn their will and wanted the witnesses to acknowledge it, and they nodded their assent.

Appellant also offered to prove by Ulrich VonGans that after the will was drawn and presented to him for signature he refused to sign until he was assured he was to receive the property in case of his wife's prior death. Ulrich VonGans was not present at the trial, but the objection was not upon that ground, and it is insisted that the court erred in refusing to entertain the offer. The question whether any fraud was practiced upon Ulrich VonGans was not involved in the offer to probate the will of Hannah VonGans, and the offered evidence would not tend to prove that she was deceived in any manner. Besides, as we interpret the will, it gave him the full beneficial use of the property during his lifetime, and he was not deceived if that representation was made to him.

The judgment of the circuit court is affirmed.

*Judgment affirmed.*