## BRIGHT *v.* COX.

1. "In all cases in the court of ordinary, the party desiring to appeal, his attorney at law or in fact, shall pay all costs that may have accrued, and give bond and security to the ordinary for such further costs as may accrue by reason of such appeal; this being done, the appeal shall be entered." Civil Code, § 5011. "An appeal bond, and all other bonds taken under requisition of law in the course of a judicial proceeding, may be amended and new security given if necessary." Civil Code, § 5707.

2. Under application of the foregoing statutes, where a party desiring to enter an appeal from the judgment of the ordinary to the superior court signed an appeal bond and procured the signature of certain persons, not parties to the judgment, as sureties, and filed the same with the ordinary, who did not attest the signatures of the principal or sureties, it was competent thereafter, on motion made in the superior court to dismiss the appeal, for the judge to allow amendment of the bond by substituting a different surety, and thereupon to overrule the motion to dismiss the appeal. *Chapple* v. *Tucker,* 110 *Ga.* 467 (35 S. E. 643). The case differs from *Benson* v. *Shines,* 107 *Ga.* 406 (33 S. E. 439), and similar cases, where the only surety was a codefendant in the judgment from which an appeal was sought to be entered.

3. A paper signed by a man and his wife and executed as a will, omitting formal parts, was as follows: "We, J. C. Bright and S. J. Bright, being of sound and disposing mind and memory, do make this our last will and testament, hereby revoking all other wills by us at any time heretofore made. Item 1st. It is our will and desire that after the death of each of us that all our property, both real and personal and of every other kind and description and wherever the same may be found, shall vest in and be the sole property of our nephew, Charles F. Cox, with one limitation only, to wit: that Nancy Katherine Bright shall have a support from the same during her natural life. Item 2nd. We hereby constitute and appoint Charles F. Cox sole executor of this our will, and direct that it shall not be necessary for him to give any bond for the performance of this will to the court of ordinary, or any other court." *Held:* Upon its face the paper is the separate will of the persons signing it as makers, jointly executed without any reciprocal covenant. One of the makers having died, it may be probated as his last will and testament while the other maker is yet in life.

No. 95. DECEMBER 15, 1917.

Probate of will.   Before Judge George.   Dooly superior court. December 30, 1916.

*Powell & Lumsden* and *J. G. Jones,* for plaintiff in error.

*W. H. Lasseter, Jule Felton,* and *J. F. Milliken,* contra.

ATKINSON, J.  1, 2.  The rulings announced in the first and second headnotes do not require elaboration.

3.  A man and his wife signed as makers a paper which, in all formal parts, was executed as a will.  The man died, and a third person, being the person nominated as executor, propounded the paper as the last will and testament of the man while the other maker was yet in life.  The case was decided on demurrer; and the sole question for decision is, does the paper appear upon its face to be the will of the man?  The dual execution and character of the paper furnishes the basis for the controversy.  Mutual wills are recognized by statute in this State, which declares: "Mutual wills may be made either separately or jointly, and in such cases the revocation of one is the destruction of the other."  Civil Code, § 3830.  In 1 Thompson on Wills, § 28, it is said: "A joint will is one where the same instrument is made the will of two or more persons and is jointly signed by them.  Such a will contained in a single instrument is the will of each of the makers, and, at the death of one, may be probated as his will, and be again probated at the death of the other as the will of the latter.  Such wills are usually executed to make testamentary disposition of joint property.  Wills may be joint or mutual, or both joint and mutual.  Mutual wills may be defined as the separate wills of two persons which are reciprocal in their provisions.  A will that is both joint and mutual is one executed jointly by two or more persons, the provisions of which are reciprocal, and which shows on its face that the devises are made one in consideration of the other."  See also, in this connection: Frazier *v.* Patterson, 243 Ill. 80 (90 N. E. 216, 27 L. R. A. (N. S.) 508, 17 Ann. Cas. 1003); Camel *v.* Dunkelberger, 172 Iowa, 385 (153 N. W. 56); In re Cawley, 136 Pa. 628 (20 Atl. 567, 10 L. R. A. 93); Baker *v.* Syfritt, 147 Iowa, 49 (125 N. W. 998).  In re Will of Sutton Davis, 120 N. C. 9 (26 S. E. 636, 38 L. R. A. 290, 58 Am. St. R. 771), was a case where Sutton Davis and his wife, Henrietta Davis, jointly executed an instrument regular in all respects, purporting to be their last will and testament, and giving several

tracts of land to Fannie Roberson and Adelia Roberson and others, and their heirs and assigns. Sutton Davis died, leaving Henrietta Davis surviving. The executors offered to prove the paper as the joint will of the signers, and also to prove it as the separate will of Sutton Davis. On review of the judgment of the trial court, the Supreme Court ruled that the paper was the will of each of the makers, and while one of them was yet in life it could be admitted to probate as the will of the other, who had died. In the course of the opinion it was said: "If each had made a separate will at the same time, giving the same property to the same devisees, there could be no doubt of the validity of each, with the power to revoke at any time. Can the fact that they did so by one joint act change the character of the transaction? The intent of both is equally manifest, and the intent is the controlling element, both in the execution and construction of wills. In Clayton v. Liverman, 2 Dev. & B. L. 558, the majority of the court held that a will jointly executed by two sisters could not be probated either as a joint will or as their separate wills. They died within a few days of each other, and the will was not offered for probate until after the death of both. The decision was upon the ground that it was a very singular case, and that such an instrument, as a will, was unknown to the law of this country; and relied upon Hobson v. Blackburn 1 Add. Eccl. Rep. 274. Daniel, J., in his able dissenting opinion, combats the whole argument of the court, and insists that the court misapprehended the judge's opinion in Hobson v. Blackburn. On a close reading of the case, we think the court did misconceive the question at issue in Hobson's case, and we approve the conclusion in the dissenting opinion. As the question was so ably discussed in Clayton v. Liverman [supra], we are not disposed to repeat [the arguments], but only give the conclusion. We find in the books and cases cited below that the current of opinion in the States is contrary to that in Clayton v. Liverman; and we think the reason and common sense of the question are the same way. 1 Schouler, Wills, § 456, note 4, §§ 457, 459; Goods of Lovegrove, 31 L. J. (1858-1862) Prob. N. S. 87; 1 Redf. Wills, 182, 183; Theobald, Wills, 12; 1 Jarman, Wills, 201, notes 31, 5; Betts v. Harper, 39 Ohio St. 639, 641 (48 Am. R. 477); Re Diez, 50 N. Y. 94; Evans v. Smith, 28 Ga. 98 (73 Am. D. 751). Our conclusion is that the instrument offered for

probate may be proved now as the separate will of Sutton Davis as to his property described therein; and that, unless in some way revoked, it may, upon the death of his wife, be probated as to her property mentioned therein." This case was cited with approval in Gerbrich v. Freitag, 213 Ill. 552 (73 N. E. 338, 104 Am. St. R. 234, 2 Ann. Cas. 24). In the course of the opinion it was there said: "Unless the provisions of the instrument are such that the disposition of the property is suspended after the death of one until the death of the other, so that it can not be executed as the separate will of the deceased party, it is no objection that there is but a single instrument." In *Evans* v. *Smith, 28 Ga.* 98 (73 Am. D. 71), a mutual will was executed by two unmarried sisters; and it was upheld as a testamentary paper and admitted to probate as the will of the one first dying, while the other was in life. In this State the statute which restricts contracts of sale by a wife to her husband, in respect to her separate estate (Civil Code, § 3009), might affect her capacity to dispose of her property in a mutual will with her husband; but that question is not involved in this case, there being no effort to set up the paper as the will of the wife. The first item of the will in controversy was: "It is our will and desire that after the death of each of us that all our property, both real and personal and of every other kind and description and wherever the same may be found, shall vest in and be the sole property of our nephew, Charles F. Cox, with one limitation only, to wit: that Nancy Katherine Bright shall have a support from the same during her natural life." The intent to be gathered from the paper in its entirety is that the testamentary scheme provided for in item one of the paper should go into effect at the death of "each" of the makers (not both), and that there should be a separate disposal of the property of each to the same persons. So construed, the paper is the joint will of each of the makers; and the husband having died, it may be probated as his will while the wife is yet in life. The court did not err by rendering judgment in accordance with this view.

*Judgment affirmed. All the Justices concur, except George, J., disqualified.*