COUCH *et al.* v. WOOD *et al.*

GILBERT, J. 1. The written instrument offered for probate was a sufficient compliance with the law to constitute a will, and was mutual in character. Compare *Bright* v. *Cox,* 147 *Ga.* 474 (94 S. E. 572).

2. The testimony introduced by the propounders was without contradiction, and fully established the facts that the will was executed

by the testator and that the testator was of sound and disposing mind and memory. Therefore the court did not err in directing a verdict for the propounders. *Walters* v. *Walters*, 151 *Ga.* 527 (107 S. E. 492).                    *Judgment affirmed. All the Justices concur.*

No. 3588. OCTOBER 12, 1923.

Appeal from probate of will. Before Judge J. B. Jones. Hall superior court. December 30, 1922.

Alton B. Wood and others filed a petition to probate, in so far as it related to the estate of H. H. Wood, the following will: " Know all men by these presents: That we, Henry H. Wood, and Susan A. Wood, husband and wife, being of sound and disposing mind and memory, and knowing the uncertainty of life and the certainty of death, and desiring to make a fair and equitable disposition of our property with which we have been blessed, do hereby make this our last will and testament jointly and mutually, hereby revoking any and all wills heretofore made by us. Item 1. We hereby will and direct that at the death of whichever one our Heavenly Father may first call, that the title and possession of all that the other may have of property in any way, shape, or form, including real and personal, shall vest, after payment of the debts and funeral expenses, in the survivor for and during the natural life of said survivor. Item 2. At the death of said survivor the property then remaining, both real and personal, shall be divested as follows: Shall be converted into money, and one half of all the property belonging to us shall go in equal parts to the children of said Susan A. Wood, and the other half shall go equally to the children of the said Henry H. Wood, including the children by my wife, Mary E. Wood, and the children by my second wife, Susan A. Wood. By this provision the children of Susan A. Wood will get their full share, one half, of our joint property through their mother, Susan A. Wood and also an equal share from the one half of the estate of said Henry H. Wood with the children of said Henry H. Wood by his first wife. This inequality is considered fair and just by us, on account of the fact that the children of the said Henry H. Wood by his first wife have already received some advancements at the death of their mother. Item 4. It is further willed and provided mutually and jointly by us that after the death of one of us, should the other (survivor) again marry, then and in that event the division of our joint estate shall at once take place and the half going to the children of said deceased

shall at once be paid over to them and the other half to go absolutely to said survivor on said remarriage, to be disposed of by him or as he or she may see fit, and on said remarriage said survivor shall have no further lifetime interest in the half of said deceased. Item 5. On the death of said survivor should he or she not marry again, then the debts of said survivor and funeral expenses shall be paid, including a monument for both of us; and we hereby set apart out of our joint estates the sum of $300.00 for the purpose of erecting a suitable monument over our graves. Item 6. The provisions of this mutual will are intended to be in full and in lieu of a year's support and dower. Item 7. We further will and direct that that portion of the estate which by this will would go to Sallie C. Chastain shall be held and invested by my executor and the principal and interest kept intact by my executor until the death of W. C. Chastain, her husband, and then the said amount to be paid over to said daughter, Sallie C. Chastain, if in life, or to her children, if dead. Item 8. We hereby constitute and appoint our son, Alton B. Wood, our executor of this our joint and mutual will, and we hereby authorize him to sell our property either at public or private sale, without any order from the court of ordinary, and divide the proceeds as directed in this will. We require said executor to probate this will and have a true appraisement made of said estate, and make returns to the ordinary as required by law. In witness whereof, we have hereunto set our hands, this 23rd day of January 1904. H. H. Wood, Susan A. Wood." Attested in legal and usual form by three witnesses.

"Georgia, Hall County: Whereas we, Henry H. Wood and Susan A. Wood, husband and wife, did on the 23rd day of January 1904, sign, declare, and publish our joint and mutual will and testament in the presence of A. B. Allen, H. H. Dean, and W. I. Hobbs, who signed said will and testament as witnesses at our instance and request and in our presence, which said will and testament is hereto attached; and whereas we are desirous of changing item 2 of said will and testament as it appears in said will and testament and the bequest and direction in said item 2 contained, we therefore make and publish this joint mutual codicil to said will and testament. 1. We hereby will and direct that at the death of the survivor mentioned in item 1 of said will and testament, the property then remaining, both real and personal, shall

be divided as follows: Shall be converted into money and one half of all the property belonging to us shall go in equal parts to the children of said Susan A. Wood, and the other half shall go equally to all the children of said Henry H. Wood, except a daughter of the said Henry H. Wood by his wife, Mary E. Wood, to wit: Jennie Lula (Wood) Massey, which said daughter Jennie Lula (Wood) Massey, shall receive no part of either half of said estate except as hereinafter set forth in this item of this codicil, this including all the children, except the said daughter Jennie Lula Massey, of the said Henry H. Wood by his wife Mary E. Wood, and the children by his second wife Susan A. Wood. By this provision the children of Susan A. Wood will get their full share, one half, of our joint property through their mother, Susan A. Wood, and also an equal share from the one half of the estate of said Henry H. Wood with the children, except said daughter, Jennie Lula (Wood) Massey, of the said Henry H. Wood by his first wife. This inequality is considered fair and just by us on account of the fact that the children of the said Henry H. Wood by his first wife have already received some advancements at the death of their mother. We hereby will, bequeath, and devise unto the said daughter of the said Henry H. Wood, Jennie Lula Massey, the sum of one ($1.00) dollar in full and in lieu of her share and interest in our estate, or the estate of either of us, as an heir of the same and as a beneficiary under this will and codicil thereto, and we will and direct that said sum of one dollar shall be paid to the said Jennie Lula Massey when said estate shall be sold and divided as provided for in this item. 2. We further will and direct that the first paragraph and items one (1), four (4), five (5), six (6), seven (7), and eight (8) of the will and testament made by us on January 23, 1904, of which said will and testament this is a codicil, remain as they are therein contained and of full force and effect and unchanged by this codicil, except that in any division of the estate left by us that may be referred to in any of those items the daughter of Henry H. Wood, Jennie Lula Massey, is to receive no part of our estate, or the estate of either of us, except the sum of one dollar mentioned in the preceding item of this codicil. In witness whereof we have hereunto set our hands this 22nd day of March, A. D. 1916. H. H. Wood, Susan A. Wood." Attested in legal and usual form by three witnesses.

To the petition a caveat was filed by Mrs. W. J. Couch and others. The petition was granted by the ordinary, from which judgment there was an appeal to the superior court. The grounds of the caveat were, first, that the purported will is not a will; second, that it is not the will of H. H. Wood, deceased, but it is the substituted will of Susan A. Wood; third, that the will is invalid, in that the provisions are reciprocal, and to allow the probate of the same would be to perpetuate a legal fraud upon the caveators, from which they would have no recourse in law or equity against Susan A. Wood revoking the reciprocal provisions of said will after taking the benefits under the will herein sought to be set up; fourth, that H. H. Wood did not freely and voluntarily execute the will and codicil, but was moved thereto by undue influence and persuasions over him by the said Susan A. Wood; fifth, that the will and codicils were the result of false conclusions on the part of H. H. Wood, deceased, induced by false representations and wilful misrepresentations and by continuous over-importunities on the part of Susan A. Wood; sixth, that if H. H. Wood executed the pretended will and codicil, the same was done owing to the over-importunity of Susan A. Wood, in order that he could obtain quiet and repose from such importunities; seventh, that the premises upon which the partial disinheritance of caveators is based in said will were fraudulently induced by Susan A. Wood, who thereby imposed her own will over that of the deceased, H. H. Wood; eighth, that the mind and memory of H. H. Wood, deceased, for many years and at the time of the making of said pretended will and codicils, " were exceedingly weak and imbecillic, and that the said condition made the said deceased peculiarly subject to the many subterfuges and divers practices used by the said Susan A. Wood to induce the signing of said purported will." Evidence was introduced, which, without contradiction, showed the execution of the will as provided by law, and that the testator was of sound mind and memory at the time. No evidence was introduced in support of any of the allegations in the caveat. The court directed a verdict in favor of the propounders. The caveators filed a motion for new trial on the general grounds, and on the ground that the court directed the verdict in favor of the prounders.

*W. B. Sloan* and *Paul L. Lindsay,* for plaintiffs in error.
*Charters, Wheeler & Lilly,* contra.