[File No. 6814]

CLYDE M. COLLINS, Jesse N. Collins, Ade Collins, and Olive Collins, Appellants, v. ROBERT N. STROUP, Administrator, with Will Annexed, of the Will and Estate of Harvey Richey, Also Known as H. C. Richey, and B. H. Richey, Laura Hosea, and Carrie Rogers, Appellees.

(3 NW(2d) 742)

Opinion filed April 17, 1942. Rehearing denied May 25, 1942

*Hanley & Hanley* and *J. K. Murray,* for appellants.

*Sullivan, Fleck & Higgins* and *Floyd B. Sperry,* for respondents.

BURR, Ch. J. An instrument in form as hereinafter set forth was admitted to probate in the county court of Mercer county as the joint

and several will of H. C. Richey and Annie Richey, his wife. H. C. Richey pre-deceased his wife by two days. The instrument consists of a printed form with blanks filled in with typewritten words, and is as follows:

"I, H. C. Richey and Annie Richey, . . . do make, publish and declare this to be my last will and testament in manner following:

"First: It is my will and wish that all of my just debts, the expenses of my last illness and my funeral expenses be paid out of my estate as soon as conveniently may be after my death.

"Second: Subject to the provisions of the last preceding paragraph of this, my last will and testament, I hereby give, devise and bequeath:

"To the following named heirs all of our Property consisting of Real Estate, Cash and Personal property to be divided after the Death of both myself and wife, known as H. C. Richey and Annie Richey, Husband and wife.

"To be divided as follows, One half of the entire estate to be given to Bennie H. Richey, and Carrie Rogers, and Laura Hosa on equal shares and the other one half of the estate to go on equal shares to Jesse N Collins, Ade Collins, Clide M Collins, and Olive Collins. It is our Further wish to give and leave Fifty Dollars to Edward Collins from our entire estate.

"My Brother Jesse Richey who has passed on a short time ago having devised and bequeath a certain amount of Government Bonds to us, and which we wish and ask to be divided entirely on equal shares to the following heirs, Bennie H. Richey, Carrie Rogers, and Laura Hosa. It being understood that none of the other heirs will be included on the estate left by my Brother Jesse Richey except the three named above, Bennie, Carrie, and Laura.

"Lastly: I hereby nominate and appoint Either of us who remains last . . . executor of this my last will and testament. . . ."

"In witness whereof I have hereunto set my hand and seal at the vicinity of Stanton, in the County of Mercer and State of ND on this 22nd day of August A. D. 1938.

"H. C. Richey (Seal)
"Annie Richey

"The above and foregoing instrument, consisting of . . . . . . . sheets, was signed, published and declared by us, the said testa. . . . . . . . to be

our last will and testament in the presence of us who have signed our names at .......... request as witnesses in their presence and in the presence of each other, on this 22nd day of August A. D. 1938.

"John Pulles                    Residing at Stanton, N.D.

"James W. Thomas Residing at Stanton, No. Dak."

On contest the county court confirmed the probate.

Contestants appealed to the district court. There the instrument was held valid as the will of H. C. Richey, and invalid as the will of Annie Richey. The contestants appeal from that part of the judgment holding the instrument to be the will of H. C. Richey, deceased.

The proponents move to dismiss the appeal, setting forth as grounds therefor matters which involved the appeal to the district court. No appeal was taken by the proponents from the decision of the district court, and in view of the disposition we make of the real issue involved, it is not necessary to pass upon the alleged failures and irregularities.

The only issue before us is the question of the validity of the instrument as the will of H. C. Richey.

Appellants urge that "all the points involved in this appeal are boiled down  .  .  .  into two major points of attack on the will." These are: There was but one witness to the signature of the testator H. C. Richey, and no witness to the alleged signature of Annie Richey; and, the will attempts to treat the property of both testators "as a common fund, and make dispositions thereof which can take effect only on the death of the survivor of such persons."

Section 5649 of the Compiled Laws of 1913 provides the method for executing and attesting a will.

"Every will, other than a nuncupative will, must be in writing; and every will, other than an olographic will and a nuncupative will, must be executed and attested as follows:

"1. It must be subscribed at the end thereof by the testator himself, or some person in his presence and by his direction must subscribe his name thereto.

"2. The subscription must be made in the presence of the attesting witnesses, or be acknowledged by the testator to them to have been made by him or by his authority.

"3. The testator must at the time of subscribing or acknowledging

the same declare to the attesting witnesses that the instrument is his will; and,

"4. There must be two attesting witnesses, each of whom must sign his name as a witness at the end of the will at the testator's request and in his presence."

There is no dispute but what Richey did subscribe his name to the instrument as and for his will; and that this subscription was made in the presence of one Pulles, one of the attesting witnesses. The record shows Richey acknowledged to the other witness that he had signed the instrument as his will. True, this was not stated in formal language, but it is the clear import of the testimony and the finding of the district court thereof is correct. See Edwardson v. Gerwien, 41 ND 506, 171 NW 101.

The term "acknowledge" in the sense used here means "owning the subscription as his;" admitting it is his, placed there freely and intentionally for a signature. It is also clear that Richey, at the time of subscribing and at the time of acknowledging, declared to the attesting witness that the instrument was his will; and further that the two attesting witnesses signed their names as witnesses at the end of the will, at the testator's request, and in the testator's presence, though not in the presence of each other.

The law does not require that the signing by one witness be in the presence of the other witness; nor does this section require the testator to make his declaration to an attesting witness at the time the other witness is present. He may make this declaration to the witnesses individually.

It is argued that because of the language of § 5649, subdivision 2, it is clearly implied that both attesting witnesses must be present when the testator signs the will. It is true plural terms are used when referring to the witnesses, but it will be noted the statute makes provision for the testator to sign the will with no witness present. He may sign in the presence of witnesses, or having signed it, without their presence, he may acknowledge to them that he signed the will and that the signature is his. In both cases, under subdivisions 3 and 4—at the time of subscribing, or at the time of acknowledging—the testator must announce in some manner to the witnesses that the instrument is his will; and these witnesses must sign as witnesses in his presence.

It is assumed that the very common form of attestation by witnesses, "Signed, sealed, published and declared by H. C. Richey as and for his last will and testament in the presence of us who at his request and in his presence and in the presence of each other, have signed our names as witnesses thereto," is required. This form is the outgrowth of caution, and does not control the statute.

The instrument is attacked because of its substance. It is conceded that H. C. Richey and Annie Richey each owned real estate and personal property in which the other had no interest as owner. The property, other than the bonds, is not described in the instrument, but this failure does not invalidate the instrument as a will. It is not necessary to the validity of a will that it describes the property disposed of. Section 5643 of the Compiled Laws provides, "Every estate and interest in real or personal property to which heirs, husband, widow or next of kin might succeed may be disposed of by will."

Proponents argue this is "a conjoint or mutual will," and under the provisions of § 5646 of the Compiled Laws, "A conjoint or mutual will is valid, but it may be revoked by any of the testators in like manner with any other will." It is claimed the terms "conjoint" and "mutual" are used interchangeably, and are intended to be synonymous. The terms do not mean the same. They refer to different types of wills. A conjoint will implies that the testators own the property in common. A mutual will is a will where "two or more persons make mutual or reciprocal provisions in favor of each other." See Ginn v. Edmundson, 173 NC 85, 91 SE 696; and Lewis v. Scofield, 26 Conn 452, 68 Am Dec 404.

There is nothing in the instrument at bar to indicate that it is a mutual will, and no testimony is offered tending to show such classification. There is no compact between the husband and wife to dispose of their property in a particular manner, each in consideration of the other, which is an indicia of a mutual will. See Maurer v. Johansson, 223 Iowa 1102, 274 NW 99, 101; Maloney v. Rose, 224 Iowa 1071, 277 NW 572.

The property disposed of was not owned in common, and there is nothing to show a mutual arrangement between the testators so that one has made his will relying upon the promise made by the other in making his will, nor any agreement to that effect. The will in question

.is a joint will, and must be considered the same as if two instruments were drafted and each executed and attested as required by statute.

A joint will that is not capable of being separated as the separate will of each maker should not be probated (State Bank v. Bliss, 67 Conn 317, 35 A 255; Walker v. Walker, 14 Ohio St 157, 82 Am Dec 474) but joint wills, executed in accordance with the provisions of law, are valid, and may be probated as the separate will of the testator dying first. The textbook writers set forth very clearly that where there is a joint will, it may, and it ought to be probated upon the death of each testator as the separate will of the decedent. 1 Underhill, Wills, § 12; Page, Wills (Lifetime ed.) § 105; Rood, Wills, § 71. And even if one of the testators has not executed the will, by failing to comply with the statutory formality, nevertheless, the will is valid as to his cotestator. 1 Underhill, Wills, § 12.

The test seems to be that if the will may be probated separately for each without regard to the fact that the other is living, then the double will is valid. See Re Davis, 120 NC 9, 26 SE 636, 38 LRA 289, 58 Am St Rep 771.

In Gerbrich v. Freitag, 213 Ill 552, 73 NE 338, 104 Am St Rep 234, 2 Ann Cas 24, the court was required to construe an instrument which purported to be the separate will of two testators. The will was written in one instrument, and it was held that if it be such that it could be given effect upon the death of either as to the property of that one, then the instrument would be upheld as the valid will of the deceased testator; and upon the death of the other, would be again probated as the will of the latter. This decision was cited and approved in Frazier v. Patterson, 243 Ill 80, 83, 90 NE 216, 217, 27 LRA(NS) 508, 17 Ann Cas 1003. Here the court said, "There is no legal objection to uniting the wills of two persons in a single instrument if such instrument can be given effect, on the death of either, as the will of that one." See also Cawley's Estate, 136 Pa 628, 20 A 567, 10 LRA 93.

In Evans v. Smith, 28 Ga 98, 73 Am Dec 751, the court construed as a will an instrument purporting to make each of two testators the heir of the other. The main controversy was whether it was a will or a contract. There seemed to be no question in the mind of the court that if it were testamentary in character, it would be upheld as a will.

In Lewis v. Scofield, 26 Conn 452, 68 Am Dec 404, the court was

construing a joint instrument which professed to dispose of all the estate of the one of two sisters dying first, and to vest the estate in the survivor. The court held that if such instrument had all of the formality prescribed by statute for a valid will, although in point of form it purported to be a joint will executed by two, it was in its legal operation the will of the one who died first, as it disposed only of the estate of the one who died first; that it was "the same as if each had made a separate will disposing of the estate of each to her sister, in case of her surviving her." The court said such instrument was "in the nature of two separate and distinct wills."

In the note attached to this case (68 Am Dec 407), the decisions of courts are analyzed in an attempt to distinguish a joint instrument purporting to give all of the property to the survivor, and an instrument where two parties attempt to devise their separate property, as in the case at bar. On page 408, authority is cited, showing that in such latter case, the instrument will be probated as the will of the first decedent, and then again probated as the will of the second decedent. The general view is taken that such joint instrument is to be treated the same as if there were two separate wills. If executed by each in accordance with statutory formality, then it is the will of each, to be probated after the death of each, and if executed with the statutory formality by but one of the parties, and not by the other, then it is the will of the one who has executed the instrument in accordance with the statutory formalities.

In Betts v. Harper, 39 Ohio St 639, 48 Am Rep 477, two sisters, each owning separate property, and being also tenants in common of real estate, executed an instrument in the form of a will, in which they bequeathed and devised all of their property, real and personal, to the same persons. The court held this to be the will of each, saying, "They could unquestionably have done this by two instruments, but they could do it as effectually by one."

A case somewhat similar in the facts is that of Lewis v. Scofield, 26 Conn 452, 68 Am Dec 404. The wills differ in this respect, that the language of the will in the Connecticut case is "We . . . make . . . this our last will and testament . . . That in the event of the death of either of us . . . the surviving sister shall have and hold . . . all of the real and personal estate," etc.

It was argued that such instrument was void as a will. The court held that it should be construed as the will of the first decedent, and took effect upon the estate of that decedent, saying, "Why should the circumstance that her sister executed the will with her, be permitted to affect this disposition in any way? Their estates were independent of each other. Each had full control of her own, and no control whatever over her sister's. Why should an act of one sister, which would be wholly nugatory if attempted to be done by any other instrument, and which is equally nugatory in this so far as it attempts to dispose of property not belonging to her, be suffered nevertheless to defeat the plain intention of the other sister, legally expressed? It appears to us that it ought not to have such an effect. We do not see how, as respects the property of each, the instrument is any the less the will of either, because it was executed jointly with her sister." 26 Conn 455, 68 Am Dec 406.

In Bright v. Cox, 147 Ga 474, 94 SE 572, the court was required to construe a will signed by a man and his wife; and which left the property of each to a nephew, with one limitation, that a named party should have support during her natural life. The court held that such a paper, on its face, "is the separate will of the persons signing it as makers, jointly executed without any reciprocal covenant. One of the makers having died, it may be probated as his last will and testament while the other maker is yet in life."

The court, in arriving at this conclusion, says, quoting from Thompson on Wills, "A joint will is one where the same instrument is made the will of two or more persons and is jointly signed by them. Such a will contained in a single instrument is the will of each of the makers, and at the death of one, may be probated as his will, and be again probated at the death of the other as the will of the latter."

The Georgia court cited the case of Re Davis, 120 NC 9, 26 SE 636, 38 LRA 289, 58 Am St Rep 771, in which the North Carolina court held the instrument would be considered the will of each of two makers, and while one of them was yet alive, it would be admitted to probate as the will of the other who had died, saying, "If each had made a separate will at the same time, giving the same property to the same devisees, there could be no doubt of the validity of each, with the power to revoke at any time. Can the fact that they did so by one joint act

change the character of the transaction? The intent of both is equally manifest, and the intent is the controlling element, both in the execution and construction of wills."

It is true that the instrument at issue provides that the property is "to be divided after the Death of both myself and wife, known as H. C. Richey and Annie Richey, Husband and wife." Such a provision in the earlier cases gave the courts much concern, on the theory that the will was not intended to take effect at the time of the first death (in this case, of the husband), but would be postponed until the time of the death of the other testator.

The paramount question is to determine what was the intent of the testators. Clearly, it was the intent of each to dispose of his own property by the will in question; and the modern authority very clearly shows that it is the paramount intent which controls, not the secondary provisions.

In Graham v. Graham, 297 Mo 290, 249 SW 37, it is held that a will providing that its provisions shall not take effect until after the death of both the testator and his wife, is not contrary to public policy. The will construed by the Missouri court was written in the plural, and the provision was contained therein that such will was to take effect upon the death of the wife. The court held that such an instrument could be probated as the separate will of the one who died first, and that the instrument was entitled to probate at his death. The court analyzes many decisions cited, and though the will contained the clause, "The provisions of this our Will are to take effect after we are both dead and not before," yet the will could be offered for probate and the disposition of the property would abide the time set, observing that the law permitted establishment of life estates and other provisions with reference to real property. See Wyche v. Clapp, 43 Tex 543, 548. This modern trend is well set forth in 1 Page on Wills (Lifetime ed.) 225; and 1 Underhill on Wills, § 12.

In Schumaker v. Schmidt, 44 Ala 454, 4 Am Rep 135, it is stated, "Two or more persons may execute a joint will, which will operate as if executed separately by each; and will be entitled to and require a separate probate upon the death of each, as his will. But if the will so

provides, and the disposition made of the property requires it, the probate should be delayed until the death of both or all the testators."

There is nothing in the record showing the property was held in common. Clearly, each was attempting to dispose of his own property. In this case we are not interpreting the instrument to determine whether it is the intent that those heirs named Collins receive any part of the H. C. Richey estate. That matter comes before the county court first in administration. It is not involved here.

The appeal is "from the judgment entered on that portion of the will represented by the testator H. C. Richey, deceased." This is the statement of the appellants. Therefore, we are not concerned with the decision of the trial court holding the will had not been properly executed and attested by Annie Richey; nor are we confronted with the question as to the proper manner of probating the estate of Annie Richey, deceased. On the record, we find that the instrument is the will of H. C. Richey; that it was properly attested and executed, and, therefore, the judgment of the lower court is affirmed.

CHRISTIANSON, MORRIS, BURKE, and NUESSLE, JJ., concur.