22896. WEBB v. SMITH et al.

ARGUED MARCH 9, 1965—DECIDED APRIL 8, 1965.

*Bloch, Hall, Groover & Hawkins, H. T. Hicks, Denmark Groover, Jr.,* for plaintiff in error.

*Williams, Smith & Shepherd, Sidney B. Shepherd, Rowland & Rowland,* contra.

ALMAND, Justice. The sole question in this case is: where J. P. Webb and H. Pope jointly executed their last will and testament by providing that "Upon the death of either of us, the survivor, shall have absolutely and in fee simple title, to all realty, cash, insurance, stocks, bonds, and all personalty that the deceased might be possessed of at the time of death" is such a testament a mutual or reciprocal will that is revoked by the marriage of one of the testators?

The facts, out of which the above question arises, are: J. P. Webb married the sister of H. Pope in 1939; she died on June 10, 1952; on August 11, 1952, Webb and Pope, before three witnesses, executed the following paper: "We, H. Pope and J. P. Webb, do publish, ordain and declare our last will and testament as follows: 1. We desire our bodies to be buried in a manner in keeping with our present position in life, as may be directed by the executor of this will. 2. Upon the death of either of us, the survivor, shall have absolutely and in fee simple title, to all realty, cash, insurance, stocks, bonds, and all personalty that the deceased might be possessed of at the time of death. 3. After the death of either of the makers of this our last will and testament, the survivor is hereby appointed executor of this our last will and testament, empowering him to sell any and all property at public or private sale, to borrow money, securing same with any of our property as his judgment may dictate. Said executor is hereby relieved from making any bond or return to

any court whatsoever"; Webb remarried on July 28, 1956, was divorced in January 1958 and remarried his present wife in January 1959; Pope died on December 4, 1963, and the above will was offered for probate by Webb in the Johnson County Court of Ordinary. Dessie Smith and others, as heirs at law of Pope, filed a caveat to the probate of the will on the ground that the same was a mutual will between the parties and it had been revoked by the marriage of Webb. Over these objections, probate was allowed in the court of ordinary. The caveators appealed to the Superior Court of Johnson County and the parties stipulated the facts as to the execution of the will and the remarriage of Webb as outlined above. The court directed a verdict in favor of the caveators. The propunder's motion for a new trial being overruled, he seeks a review of that judgment.

The pertinent statutory provisions applicable to the determination of the question before us are: "Mutual wills may be made either separately or jointly, and the revocation of one shall be the destruction of the other." *Code* § 113-104. "In all cases, the marriage of the testator, total divorce or the birth of a child to him, subsequent to the making of a will in which no provision is made in contemplation of such an event, shall be a revocation of the will." *Code Ann.* § 113-408 (Ga. L. 1952, pp. 196-197). "A promise of another is a good consideration for a promise." *Code* § 20-304.

There is a paucity of prior cases dealing with this question, none of which is determinative of the question here. In the case of *Evans v. Smith*, 28 Ga. 98 (73 AD 751), the question was whether a paper executed by two sisters jointly in which each gave all her properties to the one who survived the other was a deed or a will. It was held to be a will. In *Bright v. Cox*, 147 Ga. 474 (94 SE 572) A & B jointly devised their separate properties to C. It was held that the paper was the separate will of each party, jointly executed without any reciprocal covenant, and upon the death of A it could be probated as the will of A, though B was still in life. In *Clements v. Jones*, 166 Ga. 738 (144 SE 319), A & B simultaneously executed their separate wills in which A devised certain properties to B and B in her

will devised certain properties to A. On the death of A his heirs sought to enjoin B from disposing of certain properties devised to her under the will of A, asserting that the wills were mutual. This court, in affirming a judgment sustaining a general demurrer to the petition, after pointing out that there were no allegations of the circumstances under which the wills were made which showed their execution was the result of a contract or agreement to make them mutually binding on the parties, said: "The general rule is, that if two persons execute wills at the same time, either by one or two instruments, making reciprocal dispositions in favor of each other, the mere execution of such wills does not impose such a legal obligation as will prevent revocation. (a) Agreements to make wills are not established merely because two persons simultaneously make reciprocal testamentary dispositions in favor of each other, when the language of such wills contains nothing to the effect that the instruments are the result of a contract. (b) Where mutual wills are the result of a contract based upon a valid consideration, and where after the death of one of the parties the survivor has accepted benefits under the will of the other which was executed pursuant to an agreement, equity will, where the facts are fully proved, interpose to prevent fraud, and will compel the execution of such agreement by the survivor. (c) To enable one to invoke the intervention of equity, it is not sufficient that there are wills simultaneously made, and similar in their reciprocal provisions; but the existence of a clear and definite contract must be alleged and proved, either by evidence of an express agreement, or by unequivocal circumstances."

The propounder Webb's contention is that the will in question is the joint and separate will of his and the deceased Pope and the will of the latter was not revoked by his remarriage subsequent to the execution of the wills. The contention of the caveators is that the will, though jointly executed, was a mutual or reciprocal will and was revoked by the remarriage of Webb.

Under the authorities there is a clear cut distinction between: (a) a joint will—that is a simple testamentary instrument constituting the wills of two or more persons in which they dispose of their joint property or the separate property of each so that

at the death of one party it may be probated as his last will although the other maker or makers are still in life, and may as to them be probated if not subsequently revoked and (b) a mutual will, which is one that contains reciprocal provisions giving the separate property of each testator to the other and is executed jointly and shows on its face to be in the performance of an agreement between the parties and on the death of one the will of the survivor no longer exists. *Bright v. Cox*, 147 Ga. 474, supra; *Clements v. Jones*, 166 Ga. 738, supra; 1 Page on Wills, 556, § 11.3; Redfearn, Wills, Georgia, Rev. Ed., 17, § 7; 1 Schouler, Wills 821, 6th Ed., § 721; 97 CJS 286, § 1364; 57 Am. Jur. 458, § 681. The word "mutual" means reciprocally acting, giving, receiving or interchanging. 27A Words & Phrases 695. Mutual wills are those that are reciprocal, giving property of each testator to the other and are sometimes referred to as "reciprocal," "double," or "counter" wills. *Wright v. Wright*, 215 Ky. 394 (285 SW 188). The contract or agreement between the joint testators may be made out from the promises made in the will. *Curry v. Cotton*, 356 Ill. 538 (7) (191 NE 307).

A written agreement between A and B whereby A agrees to convey certain described real estate to B in consideration of B's agreement to convey certain described real estate to A is such valuable consideration as will support an enforceable contract. *Boney v. Cheshire*, 147 Ga. 30 (92 SE 636).

We conclude from the undisputed facts in the record before us that it was the intention of both Webb and Pope in the execution of the will that it was to be a mutual or reciprocal will. By operation of law, the marriage of Webb revoked this will as to both parties and the trial court's direction of a verdict in favor of the caveators was not error. Accordingly, it was not error to overrule the propounder's motion for a new trial.

*Judgment affirmed. All the Justices concur.*