25472, 25473. CITIZENS & SOUTHERN NATIONAL BANK, Executor, et al. v. LEAPTROT et al.; and vice versa.

ARGUED OCTOBER 14, 1969—DECIDED NOVEMBER 6, 1969—
REHEARING DENIED DECEMBER 4, 1969.

784

*Jones, Cork, Miller & Benton, Wallace Miller, Jr.,* for appellants.

*Melton, McKenna & House, Andrew McKenna,* for appellees.

UNDERCOFLER, Justice. 1. "Mutual wills may be defined as the separate wills of two persons which are reciprocal in their provisions." *Lampkin v. Edwards,* 222 Ga. 288, 290 (149 SE2d 708). See *Webb v. Smith,* 220 Ga. 809 (141 SE2d 899); *Couch v. Wood,* 156 Ga. 626 (119 SE 691). "Mutual wills result from a mutual intention on the part of the makers thereof to make reciprocal testamentary gifts." *Lampkin v. Edwards,* supra. The wills in the instant case are mutual. Not only are the provisions reciprocal but the makers specifically stated their intentions that "the two wills are expressly executed as mutual wills." Mutual wills are legal in this State. *Code Ann.* § 113-104.

"[T]he mere execution of such wills does not impose such a legal obligation as will prevent revocation. By the weight of authority agreements to make wills are not established merely because two persons make some reciprocal testamentary dispositions in favor of each other, the language of such wills containing nothing to the effect that the instruments are the result of a contract. The case is different, however, where the mutual wills are the result of a contract based upon a valid consideration, and where, after the death of one of the parties, the survivor has accepted benefits under the will of the other which was executed pursuant to an agreement. In such cases, where all the facts are fully proved, equity will interpose to prevent fraud. This can be accomplished only through a court of equity, as the probate court has no jurisdiction to enforce such agreement. Equity, however, can deal only with the agreement, and can only interpose to prevent fraud arising from the breach of such agreement by one who has received benefits thereunder. . . However, to enable one to invoke the intervention of equity, it is not sufficient that there are wills simultaneously made, and similar in their reciprocal provisions, but the existence of a clear and definite contract must be alleged and proved, either by proof of an express agreement, or by unequivocal circumstances." *Clements v. Jones,* 166 Ga. 738, 742 (144 SE 319). It is the

contract and not the mutual will which is irrevocable. See *Code* § 113-401; 169 ALR 1, 25, 47.

"From an analysis of the . . . cases upon this subject these principles are deducible: . . . (3) It is generally held that the fact that separate wills, with reciprocal provisions, have been executed by two persons simultaneously, or about the same time, is not of itself evidence of a contract between the testators, but such a contract may appear from the terms of the will by direct reference or by inference." *Clements v. Jones,* supra, p. 744. See *Webb v. Smith,* 220 Ga. 809, supra, p. 812, stating, "The contract or agreement between the joint testators may be made out from the promises made in the will."

The petition avers that they "had entered into an agreement whereby they had executed mutual wills." In our opinion it is clear that the testator and testatrix in the instant case entered into a contract to make mutual wills. The wills recite, "This will is executed as a part of the same transaction by which my wife [husband] is executing her [his] will and the two wills are expressly executed as mutual wills." Most of the property of the testators was owned jointly. There were no lineal heirs. The bequests of the wills divided the property upon the death of the survivor equally between their respective collateral heirs except for the specific bequest of the Hardeman Avenue property. It was a natural and rational agreement based upon mutual promises to devise their property almost equally between the brothers and sisters of the husband on the one hand and the brother of the wife on the other. "Ample consideration for a husband's promise to devise property to his wife for her life, provision to be made for a third person upon the death of the testator, is found in the promise of the wife to make a similar testamentary distribution on her part, where the proof is ample that the wife had property of her own." 169 ALR 1, 33; *Webb v. Smith,* 220 Ga. 809, supra, at p. 812.

We hold, therefore, that the mutual wills were based on a contract between Clarence A. Leaptrot and Minnie G. Leaptrot, that such contract is enforceable in equity, and that the plaintiffs here are entitled to recover thereon.

The portions of the wills stating that, the provisions of this

will with reference to the disposition of my property after my wife's [husband's] death shall not be operative unless her [his] will with reference to the remainder interest in her [his] property is also operative" do not require a different conclusion. The word "operative" means "producing an appropriate or designed effect" or "having the power of acting." Webster, Third New International Dictionary. In our opinion it is apparent that the parties were guarding against the possibility of the provisions of either will failing to effect the agreed upon disposition. They did not intend to authorize the invalidation of the entire will by a deliberate act of revocation by the survivor.

Also, the provisions of the wills reciting that, "If for any reason one-half of the remainder interest in my wife's [husband's] estate . . . as provided in her [his] will does not pass to my brothers and sisters [my brother], then it is my will" do not require a different conclusion. Under our holding herein the remainder interest does pass and this provision has no application. The fact that the interest passes under the contract and not under the will would not alter this finding.

*Code* § 53-504 (effective at the time of the execution of the wills but repealed by Ga. L. 1950, p. 174) providing, "No contract of sale by a wife of her separate estate to her husband or trustee shall be valid, unless the same shall be allowed by order of the superior court of the county of her domicile" has no application here. This case does not involve a contract of sale.

The trial court erred in not granting the plaintiffs' motion for summary judgment decreeing that they were entitled to one-half of the remainder estate of Clarence A. Leaptrot and one-half of the remainder estate of Minnie G. Leaptrot. The trial court did not err in denying defendants' motion to dismiss and the motion for summary judgment on the same issues.

2. The plaintiffs contend that the bank is an executor de son tort of the estate of Clarence A. Leaptrot under *Code* § 113-1102. The record shows that Minnie G. Leaptrot was lawfully appointed and discharged as the executrix of the estate of her husband, Clarence A. Leaptrot. She was entitled to a life interest in the property comprising his estate. She necessarily

had to possess the property to enjoy it. The evidence shows she was not acting in bad faith nor holding the property wrongfully. The bank, as executor of the estate of Minnie G. Leaptrot, is not an executor de son tort of the estate of Clarence A. Leaptrot. See *Robbins v. Riales,* 113 Ga. App. 881 (150 SE2d 187). The trial court erred in not sustaining defendants' motion for summary judgment decreeing that the bank is not an executor de son tort and is not required to account as such for the assets of that estate. It is not necessary to rule on the motion to dismiss of the defendant on this issue since mattters outside the pleadings were presented to the court and the motion is treated as one for summary judgment. See *Code Ann.* § 81A-112 (b) (Ga. L. 1966, pp. 609, 622; 1967, pp. 226, 231). The trial court did not err in denying the plaintiffs' motion for summary judgment on the same issues.

3. Under our ruling in Division 1, it follows that the plaintiffs are entitled to an accounting of the estate of Minnie G. Leaptrot. The trial court erred in not granting their motion for summary judgment decreeing that the defendants furnish an accounting of the estate of Minnie G. Leaptrot. The trial court did not err in denying defendants' motion for summary judgment on the same issue.

*Judgment affirmed in part; reversed in part. All the Justices concur.*