36235. JOHNSON et al. v. HARPER et al.

UNDERCOFLER, Chief Justice.

R. L. Hadden and his wife Mae A. Hadden executed a joint and mutual will on November 27, 1965. Three days later, R. L. Hadden died. Under their will, Mrs Hadden received a life estate in their

joint property, with the remainder, after several special bequests, to named nieces and nephews of both Haddens. The will contained a clause that "this being a mutual will, it is not intended that the survivor shall have the right and power to give away the property of the estate of said deceased or his or her property in order to defeat the devises and bequests hereinafter contained."

In August, 1967, Mrs. Hadden purchased two $5000 savings certificates: one, payable to herself and a niece, Mrs. Sydney Lyons; the other, to herself and a nephew, Alton W. Johnson. Neither of these relatives were named beneficiaries under the will. In January, 1970, two similar certificates were bought. In 1971, Mrs. Hadden's property was placed in a trust administered by W. H. Harper, Jr. Among the assets of the trust were two replacement certificates for $10,000 each, payable to Mrs. Hadden and Lyons or Mrs. Hadden and Johnson, "c/o W. H. Harper, Jr., Trustee." Mrs. Hadden died in 1978. Harper, as trustee and executor, brought this action to determine whether the two $10,000 certificates belong to the surviving niece or nephew or to the beneficiaries under the residuary clause of the will. The trial court granted summary judgment for the residuary beneficiaries, and denied Lyons' and Johnson's motion. They appeal. We affirm.

1. As was said in *Simmons v. Davis,* 240 Ga. 282, 283 (240 SE2d 33) (1977): "The will in question here was both mutual and joint. While it is true that a contract will not be implied merely from reciprocal provisions, without more, in mutual wills *(Clements v. Jones,* 166 Ga. 738 (144 SE 319) (1928)), where the will is also joint, such a contract may be more readily implied. In *Webb v. Smith,* 220 Ga. 809, 812 (141 SE2d 899) (1965), this court stated in dicta, '[t]he contract or agreement between the joint testators may be made out from the promises made in the will.' " Where, as here, the survivor has received the benefits of the mutual promises and in light of the paragraph from the will quoted above, we have no difficulty finding that the will evidences an irrevocable contract enforceable in equity. *C. & S. National Bank v. Leaptrot,* 225 Ga. 783 (171 SE2d 555) (1969).

2. Lyons and Johnson first argue that summary judgment was improperly granted because issues of fact remain to be decided. Whether the will was revoked is irrelevant since it is the underlying contract that is enforceable. *C. & S. National Bank v. Leaptrot,* supra. Similarly, the source of the funds is irrelevant, because the clause clearly contemplated that, other than support and maintenance for the survivor, all of their assets would be distributed under the will. 79 AmJur2d, Wills, §§ 786-787. We find no error in granting summary judgment in favor of the residuary

beneficiaries and in decreeing specific performance of the terms of the underlying contract.

*Judgment affirmed. All the Justices concur.*

ARGUED JUNE 2, 1980 — DECIDED JULY 1, 1980.

*Rozier & Hitchcock, Louis H. Rozier,* for appellants.
*Roger W. Dunaway, R. V. Harden,* for appellees.