## HOLT & DUGGAN COMPANY *v.* CLARY.

Where a vendor of certain described personal property took from the vendee a promissory note for the purchase-price thereof, which note was secured by a mortgage, and in this mortgage it was stipulated that the vendor "guarantees above property only as to title," it was not competent to show by parol evidence that at the time of the sale of this property the vendor warranted that the property was "in first-class condition and suitable for the purpose for which it was intended, and they also guaranteed the same for a period of twelve months, guaranteeing

that there would be no defect in said car on account of workmanship or material during said period." The court erred in overruling the demurrer to the affidavit of illegality setting up a defense based upon a breach of such warranty.

OCTOBER 20, 1916.

Mortgage foreclosure. Before Judge Walker. Warren superior court. January 12, 1916.

*L. D. McGregor*, for plaintiff. *M. L. Felts*, for defendant.

BECK, J. The defendant in this case filed his affidavit of illegality to prevent the enforcement of the mortgage fi. fa. based upon the foreclosure of the mortgage which he had given to secure the purchase-price of the article of personal property which he had bought from the plaintiffs. In the mortgage it was stipulated that "Holt & Duggan Co. [the vendor and mortgagee] guarantees above property only as to title." This stipulation in connection with the other terms of the note and mortgage constitutes a complete contract, so far as relates to the subject of warranty, and could not be varied or added to by parol evidence as to any oral agreement made prior to or at the time of the sale and purchase of the property for which the note was given. *Armistead* v. *Weaver*, 140 *Ga.* 740 (79 S. E. 783); *Forsyth Mfg. Co.* v. *Castlen*, 112 *Ga.* 199 (37 S. E. 485, 81 Am. St. R. 28); *Pryor* v. *Ludden & Bates*, 134 *Ga.* 288 (67 S. E. 654, 28 L. R. A. (N. S.) 267). It would have been a violation of the rule just stated, to allow the defendant to prove the express warranty contained in that part of the contract quoted in the headnote. The demurrer to the affidavit of illegality should have been sustained.

*Judgment reversed. All the Justices concur, except Evans, P. J., disqualified.*