### 10018. SMITH *v.* LAWRENCE.

LUKE, J. 1. Where there is no claim of fraud, accident, or mistake, parol evidence is not admissible to vary the terms and conditions of a specific written agreement. The court did not err in sustaining objections to the evidence offered by the plaintiff, as complained of in

the bill of exceptions. Civil Code (1910), § 5752; *Holt & Duggan Co.*
v. *Clary,* 146 *Ga.* 46 (90 S. E. 381).

2. The evidence of the plaintiff did not prove his case as laid, and the
court committed no error in awarding a nonsuit.

*Judgment affirmed. Wade, C. J., and Jenkins, J., concur.*

Decided June 12, 1919.

Complaint; from Baldwin superior court—Judge Park. July
10, 1918.

Joel A. Smith sued J. R. Lawrence for $500, alleging that on
May 30, 1917, the defendant borrowed of him $200 in cash and
the plaintiff's negotiable promissory note for $300, and agreed to
repay both sums by November 1, 1917, and failed to repay them
or any part of them, and that the note was negotiated to an
innocent purchaser before maturity. The defendant in his answer
denied that he borrowed the money or the note, and denied that
he owed anything to the plaintiff. From the plaintiff's testimony
at the trial it appeared that he and the defendant entered into
a written contract, dated "5/30, 1917," which, after reciting the
payment of $200 by him to the defendant, and the giving of his
promissory note for $300 to the defendant, due November 1, 1917,
proceeded as follows: "for which the said J. R. Lawrence has
this day delivered to the said Joel A. Smith fifteen shares of the
capital stock of the Satilla Pecan Orchard & Stock Company, of
Waycross, Ga., par value $100 per share, and the said J. R.
Lawrence agrees to sell the said 15 shares of stock at any time
before November 1, 1917, and pay off the above-mentioned note
. . and also pay the said Smith the $200.00 paid by him in cash
to said Lawrence, and also pay off" a certain fi.fa., "from proceeds
of said sale of stock; and in the event that I, J. R. Lawrence,
should fail to sell said stock and pay off said note and cash and
fi.fa., I hereby authorize the said Joel A. Smith to sell the said
15 shares of stock at public or private sale and apply the proceeds
of said sale first to the payment of above-mentioned note and cash,
and second to the payment of the above-mentioned fi.fa., and the
remainder, if any, then to be turned over to said Lawrence." The
plaintiff testified that he let the defendant have the money and
the note as a loan, and took the 15 shares of stock as collateral, and
the defendant was to pay him on the first of November, 1917,
and redeem the stock; that he did not give the $200 and the note
in the purchase of stock. In regard to the written contract he

testified: "I think I kind of sketched it out; I don't know whether I wrote it all, but the principal part of it. This is the contract between me and Mr. Lawrence that I am suing on." At the conclusion of the plaintiff's testimony the court, on motion of the defendant, ruled out the plaintiff's testimony as to the terms of the contract, on the ground that the contract was in writing. The defendant then moved that a nonsuit be granted, and the motion was sustained.

*R. S. Wimberly,* for plaintiff.

*Sibley & Sibley, Allen & Pottle,* for defendant.