TURNMIRE *v.* HIGGINS *et al., et vice versa.*

BELL, J. This was a suit in equity to cancel a contract made by the plaintiff with the defendants, who were the mother, brothers, and sisters of his deceased wife, by the terms of which the plaintiff agreed that substantially all of the estate of the decedent, which otherwise would have gone to the plaintiff as sole heir at law, might be taken by the other relatives named, in accordance with a "will" claimed by some of these relatives to have been executed by the plaintiff's wife, it being alleged that the plaintiff was induced to enter into the agreement by a mistaken belief on his part that a prior contract, made between him and his wife during her lifetime, had the effect of barring him as her heir at law, and by the alleged fraud of the defendants in representing that his wife had made a valid will bequeathing all of her property except the sum of one dollar to the defendants; it being further alleged that, as the plaintiff later discovered, the will was void and of no effect, because attested by only two witnesses. Upon the trial of the case the court granted a nonsuit, and the plaintiff excepted. *Held:*

1. "The testimony of a party who offers himself as a witness in his own behalf is to be construed most strongly against him; and he is not entitled to a finding in his favor if that version of his testimony most unfavorable to him shows that the verdict should be against him." *Western & Atlantic R. Co.* v. *Evans*, 96 *Ga.* 481 (23 S. E. 494); *Southern Bank* v. *Goette*, 108 *Ga.* 796 (33 S. E. 974); *Southern Ry. Co.* v. *Hobbs*, 121 *Ga.* 428 (49 S. E. 294); *Flippin* v. *Central of Ga. Ry. Co.*, 35 *Ga. App.* 243 (132 S. E. 780).

2. Upon a consideration of the plaintiff's testimony as a whole, it conclusively appears that the alleged mistake as to the effect of the prior contract was not a contributing cause of the execution of the agreement between the plaintiff and the defendants, but that in executing the latter agreement the plaintiff was moved solely by matters relating to the

existence and validity of the so-called will. Accordingly, the plaintiff was not entitled to equitable relief on account of the alleged mistake of law. 1 Black on Rescission & Cancellation, (2d ed.) 412, § 134, and cit.

3. The agreement which the plaintiff sought to have canceled contained the following clause: "All parties hereto ratify and confirm the disposition of said property by said will, and waive any imperfections therein, either as to form, substance, attestation, or otherwise, and agree to respect the intentions of the testatrix as shown thereby, and agree to treat the same as a will, whether will, deed, or neither." The plaintiff thus agreed to waive any imperfection resulting from a want of sufficient attestation; and having testified that he was not induced to sign the agreement by any emergency, or by any artifice or fraud relating to its contents, he disclosed by his own evidence that he could not complain of any misrepresentation as to whether the instrument referred to as a will was attested by the proper number of witnesses. *Purser* v. *Rountree*, 142 *Ga.* 836 (2) (83 S. E. 958); *Holt* v. *Clary*, 146 *Ga.* 46 (90 S. E. 381); *Widincamp* v. *Patterson*, 33 *Ga. App.* 483 (2) (127 S. E. 158); *Tinsley* v. *Gullett Gin Co.*, 21 *Ga. App.* 512 (2) (94 S. E. 892).

4. It appearing from the plaintiff's evidence that he was not entitled to the relief prayed for, and also that the evidence did not prove the case as laid, the court did not err in granting the nonsuit.

*Judgment on the main bill of exceptions affirmed; cross-bill dismissed. All the Justices concur.*

Nos. 9129, 9130. February 15, 1933.

*R. H. Baker* and *Joseph G. Collins*, for plaintiff.

*W. S. Gaillard, B. P. Gaillard, Jr.,* and *Wheeler & Kenyon,* for defendants.