31417.   LONDON GUARANTEE & ACCIDENT COMPANY
*et al. v.* BERNSTEIN *et al.*

Decided January 23, 1947.

*Harris, Harris, Russell & Weaver,* for plaintiffs in error.

*Samuel L. Eplan,* contra.

GARDNER, J. ■ The question of dependency is one of fact and not of law. The court said in *Georgia Power & Light Co.* v. *Patterson,* 46 *Ga. App.* 7 (166 S. E. 255) : "The question of dependency is one of fact, to be determined, according to the facts and circumstances of each case, from the amounts, frequency and continuity of actual contributions of cash or supplies, the needs of the claimants, and the legal and moral obligation of the employee. Under the facts of this case, the commission was fully authorized to find that partial dependency existed." See, in this connection, *Maryland Casualty Co.* v. *Campbell,* 34 *Ga. App.* 311 (129 S. E. 447) ; *Smith* v. *Travelers Ins. Co.,* 71 *Ga. App.* 24 (2) (29 S. E. 2d, 709) ; 28 R. C. L. 769, § 64; L. R. A. 1916A, 248; 45 A. L. R. 894; 28 R. C. L. 827, § 116. It is generally agreed by all the authorities that "standard of living" is a generic term and must of necessity be determined by the facts and circumstances in each particular case. So the question here is: Did the evidence demand a finding as a fact that the claimants were not partially dependent upon their deceased son for support? If so, the judgment should be reversed, otherwise, affirmed.

■ Counsel for the employer and carrier contend (1) that the testimony of the claimants is conflicting and that the hearing director illegally resolved facts in favor of the claimants who were the only witnesses; (2) that the conclusions in the testimony of the claimants are without facts upon which to base them. In support of this contention our attention is called to the case of *Georgia*

*Southern & Fla. R. Co.* v. *Overstreet,* 17 *Ga. App.* 629 (87 S. E. 909). Upon an examination of this case we find a bare conclusion that the claimant was partially dependent and no facts were given to sustain such conclusion. In the case at bar there is considerable testimony as to the financial condition of the father of the deceased employee. He had been unable to do any gainful work for several years prior to the time he began to receive contributions from his son. The evidence was also to the effect that the mother was unable to do more than her household duties. The director also had before him testimony as to the home in which the parents resided in Miami, Florida and that the expenses were high. There was detailed testimony as to the loss of money in business adventures, the deceased son, according to the testimony, was a graduate of the University of Miami. All of these things and others, which we will not herein detail, were proper to be considered in determining the standard of living of the claimants. It is true that according to the original investment in two pieces of real estate and less the mortgages on the same, the claimants had these equities in the two pieces of real estate and U. S. bonds approximating $400, together with their home valued at $8000, owning property together approximating $50,900 and that they received a gross income of $5250 per year from this property. It is also true, according to the evidence, that after the repairs and upkeep on their holdings and the payment on the encumbrances, the director was authorized to find their income was reduced to such an extent that they were dependent on the support contributed by their son to maintain their standard of living. We do not think we can hold as a matter of law, under the facts of this case, that the claimants were not partially dependent upon their son for support. In *Scott* v. *Torrance,* 69 *Ga. App.* 309 (25 S. E. 2d, 120), this court said: "It is clear from the authorities that the words 'dependent' and 'contributes' in the statute are flexible words and are to be differently interpreted in different sets of facts, and, except in clear and unusual cases it is for the jury to decide whether the plaintiff has brought himself within the terms of the section, when she had concluded her evidence." That case was not under the Workmen's Compensation Act, but the principle is the same. If there be any difference, it is to the effect that the scope and policy of the Workmen's Compensation Act requires a more liberal application. We

do not think there are any material conflicts in the evidence. In our view there is sufficient evidence to sustain the award which the director returned and the full board approved and the judge of the superior court affirmed. In support of their contentions counsel for the appellant cite *Georgia Ry. & Elec. Co.* v. *Bailey,* 9 *Ga. App.* 106 (70 S. E. 607), and *Moore* v. *Dozier,* 128 *Ga.* 90 (4) (57 S. E. 110). Neither of these cases, as we view them, sustains the contention that under the whole evidence the witnesses were not legally authorized to draw the conclusion that they were partially dependent upon their deceased son for support and that he contributed to them for this purpose. Indeed, both of these cases hold clearly to the effect that under such circumstances a witness may give the facts as appear in the instant case, and draw conclusions therefrom, as was here done. In this connection it is contended that where a party plaintiff is the only witness, his testimony is to be construed most strongly against him and if that version is unfavorable, the verdict should be against him. In support of this contention counsel cite *Turnmire* v. *Higgins,* 176 *Ga.* 368 (168 S. E. 5), and *Southern Ry. Co.* v. *Hobbs,* 121 *Ga.* 428 (49 S. E. 294). Our attention is also called to a statement from the finding of facts by the director as follows: "The testimony of the father and mother will show that these contributions were being used by the claimants for a part of their maintenance and subsistence. There was no evidence offered that the contributions were to be used for any other purpose such as a loan of money to be put away for future use by the deceased son, but the evidence of the mother and father clearly shows that they actually needed the contributions to maintain their standard of living." Counsel for the carrier argues that since the mother received the income from the property as well as the contributions from the son, the director was unauthorized to find that the contributions from the son were necessary for the parents to maintain their ordinary standard of living. We will not go into the details with reference to the evidence in this regard, but the evidence does show, in addition to that hereinabove pointed out, that the real property which the parents owned showed no substantial net income after paying the taxes, upkeep, payment on encumbrances (all of this real estate being purchased before the son began to contribute). We do not understand that the statute means that where parents

have endeavored to purchase a reasonable amount of property in order that they might be secure against ill health and the ravages of age, and where financial difficulties overtake them, as well as ill health, and a child, as here, begins to make regular and substantial contributions in order that they may carry on such ordinary standard of living as they had maintained before the contributions began, that they would be deprived of the provisions of the statute. We think such is the situation here. It is argued by counsel for the carrier that since a portion of the income was used to meet the encumbrances on the property, and repairs and other upkeep of the property, that they were not dependent upon the son. In short, it is concluded that this amounted to taking the contributions which the son made to invest in the real estate which the parents owned. We can not follow this reasoning under all the evidence in this case. If this evidence be true, in connection with the other evidence as to the inability of the parents to engage in gainful occupation and if the son had not contributed, there would have been insufficient income to the parents to maintain them in their ordinary standard of living..

Counsel for the carrier contend that the award was based on an erroneous theory of law. Our attention is called to *Williams* v. *American Mutual Liability Ins. Co.*, 72 *Ga. App.* 205 (33 S. E. 2d, 451) ; *Wilson* v. *Swift & Co.*, 68 *Ga. App.* 701 (23 S. E. 2d, 261) ; *American Mutual Liability Ins. Co.* v. *Curry*, 187 *Ga.* 342 (200 S. E. 150). We have read these cases carefully in the light of the record in this case, and can not agree that such principle therein discussed is applicable to the facts here.

In view of the authorities herein cited and those referred to in that portion of the award which we have set out above, the court did not err in affirming the award.

*Judgment affirmed. Sutton, P. J., MacIntyre and Felton, JJ., concur. Broyles, C. J., and Parker, J., dissent.*

BROYLES, C. J., dissenting. The claimants, Mr. and Mrs. Bernstein, were the only witnesses in this case, and their testimony as to their dependency was vague and contradictory, and based to a great extent upon their mere conclusions ; and it is well settled that, where the plaintiffs are the only witnesses in a case, their testimony should be construed most strongly against them ; and they are not entitled to a recovery if that version of their testimony most

unfavorable to them shows that the verdict should be against them. *Turnmire* v. *Higgins,* 176 *Ga.* 368 (1) (supra), and citations; *Southern Ry. Co.* v. *Hobbs,* 121 *Ga.* 428 (supra).

The undisputed testimony of the claimants showed that they possessed real estate of the value of $50,000, and had an annual income of $5250, exclusive of their son's annual contribution to them of $1800; that Mrs. Bernstein handled all of their income, including the son's contribution, as a common fund. And yet the hearing director stated: "The testimony of the father and mother will show that these contributions [of the son] were being used by the claimants for a part of their maintenance and subsistence . . and clearly shows that they actually needed the contributions to maintain their standard of living." The director further found: "The evidence of the father will show that although a good deal of money was invested in real estate holdings he only filed a return to the Federal Government for income taxes on $3,000." And yet Bernstein's own testimony disclosed that his income return should have been based on $5250. It is evident that the director erroneously construed the testimony of the plaintiffs most strongly in their favor; when, under the law, he should have construed it most strongly against them. And it is well settled that a finding in a compensation case based upon an erroneous theory of the law is reversible. *Bibb Mfg. Co.* v. *Alford,* 51 *Ga. App.* 237 (3) (179 S. E. 912); *Employers Liability Assur. Corp.* v. *Woodward,* 53 *Ga. App.* 778 (3) (187 S. E. 142).

Furthermore, under the undisputed testimony of the claimants they are not in a class where dependency is conclusively presumed as a matter of law, and the burden is upon them to clearly establish their dependency by proof. Code, § 114-414; *Barnett* v. *American Mutual Liability Ins. Co.,* 40 *Ga. App.* 800 (151 S. E. 537). In the instant case, while the claimants stated that they were dependent for support upon their son, their own testimony as to their wealth and substantial income contradicted that statement, and that statement, not being supported by the *facts* of the case, was insufficient to show dependency. In *Georgia So. & Fla. Ry. Co.* v. *Overstreet,* 17 *Ga. App.* 629 (2) (supra), this court said: "It was error for the court, over timely and appropriate objection by defendant's counsel, to allow a witness for the plaintiff to testify that the money contributed by the deceased [to his mother]

'was necessary for the support' of the plaintiff's family, and that the plaintiff 'was dependent' for her support upon such contribution of the deceased. It was also error to allow another witness to testify that the plaintiff, in 1912, was 'dependent, in whole or in part,' for her support and maintenance upon the deceased. This testimony was necessarily the conclusion of the witnesses, and answered a question which should have been determined by the jury, and not by the witnesses. The witness should have been allowed to give all the facts, if any, tending to show the dependency of the plaintiff for her support upon the deceased; but it was for the jury to say, from a consideration of those facts, whether or not she was so dependent."

Moreover, the claimants failed to state how much money it took to maintain their "standard of living," and there is nothing in the evidence to show their standard of living.

The director further stated: "The undisputed facts as testified to in the within claim were such that the director could make no other finding except that the mother and father were partially dependent upon their deceased son." That finding was evidently based upon the erroneous theory of law that the testimony of the claimants on the subject of their dependency should be construed most strongly in their favor; when, under the law and the facts of the case, it should have been construed most strongly against them.

Furthermore, it appears that the claimants had a $13,000 mortgage on a $50,000 building, one half of the building being owned by them and the other half by another son, Norman, and that claimants were reducing the mortgage by $1000 yearly, by paying $500, one half of that amount, from the common fund (which included their son's contribution) handled by Mrs. Bernstein, and that Bernstein's annual share of the rental of the above property was $2250; and there is a clear inference that the claimants were using that $2750 of their income for retiring the mortgage and for repairs and betterments of that income-producing property, which increased the value of the property. Certainly the amount so expended can not be held to be expended for their support. Can it be held that parents who own property of the value of $50,000, from which they derive an annual income of $5250 are "dependent" upon the $1800 contribution of their son? A deceased employee's

parents who have sufficient means to supply present necessities according to their class and position in life, are not "dependents" within the Workmen's Compensation Law, a "dependent" being one who is not self-sustaining, and the mere fact that parents used certain earnings of deceased does not establish dependency. Serrano *v.* Cudahy Packing Co., 194 Iowa 689 (190 N. W. 132).

In my opinion, the judgment should be reversed. I am authorized to state that PARKER, J., concurs in this dissent.