22640.   IVEY, Executrix, et al. v. SIMPKINS et al.

ARGUED SEPTEMBER 15, 1964—DECIDED NOVEMBER 5, 1964.

*W. B. Mitchell,* for plaintiffs in error.

*Harold G. Clarke, Hugh D. Sosebee, Ernest M. Smith,* contra.

CANDLER, Justice.   Alleging joint or common ownership thereof, the plaintiffs filed this proceeding in the Superior Court of Monroe County against the defendants to partition a described tract of land.   The exception here is to a judgment sustaining a motion which the defendants made for a summary judgment in their behalf.   With respect to this exception, the record shows:   J. E. Simpkins, a resident of Monroe County, Ga., died on July 10, 1929, owning at the time of his death the land here involved. At the regular August term 1931 of the Court of Ordinary of Monroe County a judgment was entered setting such land apart as a year's support to his widow, Mrs. J. E. Simpkins, and his two minor children, Fred C. Simpkins and Herman E. Simpkins. By subsequent conveyances the title which Mrs. Simpkins and the other two beneficiaries acquired in consequence of the year's support proceeding was passed to and vested in one of the defendants hereto.

The plaintiffs responded to defendants' motion for summary judgment and objected to the granting of it on the ground that the judgment setting aside a year's support to Mrs. Simpkins and her two minor children was void and for that reason passed

no title to them for the land involved. They attacked the validity of the year's support judgment on the grounds that the appraisers who set it apart were not sworn before acting as such and on the ground that no notice of the return was given by publication as required by law before it was admitted to record as the judgment of the court of ordinary.

As proof of their response they attached thereto an affidavit by N. J. Simpkins, one of the plaintiffs, who testified that the year's support proceeding was void because it shows on its face that the appraisers were not sworn before making their return and because it shows on its face that notice of the return was not published for the time required by law before such return was admitted to record. The defendants attached to their motion for summary judgment a certified copy of the year's support judgment which recites that the proceeding for such support was duly instituted and filed by Mrs. Simpkins; that the return of the appraisers was duly made; that citation was issued and published for the required period of time; that no objections were made to the return; and that the return was duly recorded and became the judgment of the court of ordinary. The record also shows that the plaintiffs and the defendants claim title to the land from J. E. Simpkins, the former owner thereof.

Where the pleadings and the evidence show no genuine issue as to any material fact and that the moving party is entitled to a judgment for the relief sought as a matter of law, the court may on motion therefor grant a summary judgment. *Code Ann.* § 110-1203 (Ga. L. 1959, p. 234). "It is well settled that a judgment of the ordinary setting apart a year's support is a judgment of a court of general jurisdiction, and the presumption is that everything necessary to authorize the rendition of such judgment was properly done." *Stringfellow v. Stringfellow,* 112 Ga. 494, 495 (1) (37 SE 767). In the instant case the judgment rendered by the court of ordinary setting apart the land sought to be partitioned as a year's support to Mrs. Simpkins and her minor children recites that every act necessary to give that court jurisdiction to render the year's support judgment here involved was duly and regularly performed and nothing appears on the face of such proceeding to negative the presumption of its validity;

and since this is true, the affidavit made by N. J. Simpkins is wholly insufficient to overcome the presumption in favor of its regularity and validity. See in this connection *Bridges v. Brady,* 158 Ga. 886 (124 SE 699); *Smith v. Smith,* 187 Ga. 743, 745 (2 SE2d 417); *Owenby v. Stancil,* 190 Ga. 50, 59 (8 SE2d 7), and the several authorities there cited. Since no issue of fact respecting the validity of the year's support judgment here involved is raised or made by the pleadings and the evidence in this case, we hold that the trial judge did not err, as the plaintiffs contend, in granting a judgment in favor of the defendants against partitionment of the land involved.

*Judgment affirmed. All the Justices concur.*