## 23485. LAMPKIN v. EDWARDS et al.

CANDLER, Presiding Justice. Lucy Phelps Lampkin filed a petition in the Court of Ordinary of Clarke County to probate the will of Lois Cobb Lampkin in solemn form. Cobb T. Edwards and Kenion T. Edwards, Jr., children of Ruby Lampkin Edwards, deceased, and nephews of Lois Cobb Lampkin filed a caveat to her petition and objected to probate of her will on the ground that it had been revoked by operation of law. The ordinary found against caveators' contention and granted an order probating the will in solemn form. The case was appealed to the Superior Court of Clarke County. The propounder filed a motion in that court for a summary judgment on the ground that there was no genuine issue as to any material fact and that movants were entitled to a judgment as a matter of law. The caveators made a like motion. Relative to those motions, the record shows the following undisputed facts: Lucy Phelps Lampkin and Lois Cobb Lampkin were twin sisters. The bulk of the property owned by them was real estate inherited from their father and jointly owned by them. They acted together in renting, leasing and insuring it. On May 4, 1943, they went to the office of Judge Henry H. West, their first cousin, for the purpose of executing their wills. At that time each was single and they lived together in Athens, Ga. Each told Judge West in the presence of the other that she wanted to give all of her property to the other. Their wills were dictated by Judge West in the presence of both and typed by his secretary. Each signed her respective will in the presence of the other and both wills were attested by the same subscribing witnesses. By their wills each gave to the other all of her property absolutely and without limitation and each named the other executrix of her estate. Neither will contains any provision in contemplation of the maker's marriage. During the pendency of the probate proceedings and relative to the execution of these wills, Lucy Phelps Lampkin, propounder and sole beneficiary under the will of Lois Cobb Lampkin her deceased sister, testified: She and her sister had not discussed the terms of their wills before they went to the office of Judge West to have them prepared and executed. She further testified: "Q. Actually the circumstances were in 1943, the one most likely to look out for you on the one hand and her on

the other hand were yourselves? The other members of the family were taken care of very well, were they not? A. That is correct. Q. And your interest was in her and hers in you? A. That is correct. Q. And you had in mind to make wills to protect each other, her for you and you for her? A. That is correct. Q. At the time everything that you had and did with respect to your property was joint? A. That is correct. Q. And you, likewise, made it known by you that you had left your property to her? A. Our main consideration was for each other as nearest of kin. Q. Yes, Ma'am, and you felt that the rest of the family was really pretty well taken care of with property, is that not true? A. Well, I will say that those were our interfeelings. . . Q. So that by virtue of your and Lois' condition in life at that time, it was a natural and usual event for you to leave everything to her? A. I would consider it natural, yes, I would. Q. For you to leave everything to her, natural and not unusual and therefore. . . A. I would say so."

The record also shows without dispute that Lucy Phelps Lampkin married on December 25, 1958, after these wills were executed and that Lois Cobb Lampkin died on March 10, 1964. The court overruled the propounder's motion for summary judgment and granted caveators' motion therefor. The propounder appealed that judgment to this court for review. *Held:*

1. The purpose of the Summary Judgment Act of 1959 (Ga. L. 1959, p. 234) was to eliminate the necessity for trial by jury where there is no genuine issue as to any material fact shown by the record and the moving party is entitled to a judgment as a matter of law. See *Consumers Financing Corp. v. Lamb*, 218 Ga. 343 (127 SE2d 914); and *Ivey v. Simpkins*, 220 Ga. 384 (139 SE2d 316).

2. The controlling question in this case is whether the instruments here involved are mutual wills. *Code* § 113-104, declares: "Mutual wills may be made either separately or jointly, and the revocation of one shall be the destruction of the other." Mutual wills are those which contain reciprocal provisions giving the separate property of each testator to the other and such wills are specifically recognized by our law. *Evans v. Smith*, 28 Ga. 98; *Clements v. Jones*, 166 Ga. 738 (144 SE 319); and *Webb v. Smith*, 220 Ga. 809 (141

SE2d 899). It is argued in appellant's brief that mutual wills are dependent for their validity upon mutual considerations. To this we do not agree. Such a contention confuses the law of wills with the law of contracts. Wills are defined as ". . . the legal declaration of a person's intentions as to the disposition of his property after his death." *Code* § 113-101. Mutual wills result from a mutual intention on the part of the makers thereof to make reciprocal testamentary gifts one to the other and are not dependent for their validity upon any consideration therefor. "A will, having no effect until the death of the testator, is necessarily revocable by him at any time before his death; and even in case of mutual wills with a covenant against revocation, the power of revocation remains." *Code* § 113-401. Undoubtedly the intention of persons to make mutual wills may be inferred from the facts and circumstances under which such wills were made, and an express agreement between testators to execute mutual wills is not essential to their validity. In *Bright v. Cox*, 147 Ga. 474 (94 SE 572), this court quoted with approval from 1 Thompson on Wills, § 28 (now § 34 of the 1947 Edition), where it is said: "A joint will is one where the same instrument is made the will of two or more persons and is jointly signed by them. Such a will contained in a single instrument is the will of each of the makers, and at the death of one, may be probated as his will, and be again probated at the death of the other as the will of the latter. Such wills are usually executed to make testamentary disposition of joint property. Wills may be joint or mutual, or both joint and mutual. Mutual wills may be defined as the separate wills of two persons which are reciprocal in their provisions." It therefore seems clear to us that wills are under our law mutual, whether jointly or separately executed, when each testator has full knowledge of the testamentary intentions of the other and when each with such knowledge and while acting in concert makes a reciprocal gift of his separate estate to the other.

3. The testimony of a party who offers himself as a witness in his own behalf is to be construed most strongly against him and he is not entitled to a finding in his favor if that version of his testimony the most unfavorable to him shows that the verdict should be against him. *Southern Bank of State of Ga. v. Goette*, 108 Ga. 796 (33 SE 974); *Turnmire v.*

*Higgins,* 176 Ga. 368 (1) (168 SE 5) ; and *Lancaster v. Daniel,* 178 Ga. 264 (172 SE 916). Applying this well established rule to the testimony of Lucy Phelps Lampkin, the propounder and sole beneficiary of the will she seeks to probate, we hold that her testimony demanded a finding that she and her sister intended by their separate wills to make reciprocal gifts of the entire estate of each to the other; hence, to make mutual wills.

4. *Code* § 113-408, provides: "In all cases, the marriage of the testator, total divorce or the birth of a child to him, subsequent to the making of a will in which no provision is made in contemplation of such an event, shall be a revocation of the will." In *Webb v. Smith,* 220 Ga. 809, supra, this court held that the above quoted Code section is applicable to mutual wills. As shown by the record, the wills here involved made no provision in contemplation of the marriage of either testatrix; and since we have held in the preceding division of this opinion that these are mutual wills, it necessarily follows as a matter of law that the subsequent marriage of Lucy Phelps Lampkin revoked her will and destroyed the will of Lois Cobb Lampkin, her sister.

5. Because of the rulings made in the preceding divisions of this opinion, we hold that the trial judge did not err as contended in denying the propounder's motion for summary judgment and in granting caveator's motion therefor.

*Judgment affirmed. All the Justices concur.*

Argued May 10, 1966—Decided June 14, 1966—
Rehearing denied June 23, 1966.

*Erwin, Birchmore & Epting, Nicholas P. Chilivis, Robert E. Gibson, Chappelle Matthews, Rupert A. Brown,* for appellant.

*Robert B. Harris, Nancy Pat Phillips, Ross Arnold,* for appellees.