### 33862. CHAMBERS et al. v. CITIZENS & SOUTHERN NATIONAL BANK.

MARSHALL, Justice.

This is a suit by the Citizens & Southern National Bank (referred to hereinafter as the bank) against John and Marcella Chambers to void a conveyance of real estate made by Mr. Chambers to Mrs. Chambers. The conveyance took place in December of 1975 during the pendency of an action by the bank against Mr. Chambers for defaulting in his payments under a promissory note. The bank argues that the conveyance is void as fraudulent in law against creditors, under Code § 28-201(2) and (3). The trial court granted the bank's motion for summary judgment as to each count of its

complaint against the appellants. The trial court also granted the bank's motion for summary judgment, as well as its motion to dismiss for failure to state a claim for relief, on a counterclaim filed by the appellants against the bank.

These are the facts of the case: On January 2, 1974, John Chambers executed a promissory note in favor of the bank for the principal sum of $54,000. On October 31, 1975, the bank sued Mr. Chambers on the note in DeKalb State Court. During the pendency of this litigation, Mr. Chambers conveyed certain real estate to his wife as a gift. On January 20, 1976, a consent judgment and settlement agreement were taken between the bank and Mr. Chambers. Under the settlement agreement, the bank agreed not to enforce the consent judgment provided that Mr. Chambers satisfied his liability to the bank by making certain monthly installment payments.

Mr. Chambers defaulted on his payments to the bank under the settlement agreement in March of 1976, and the bank began filing garnishments against Mr. Chambers. Mr. Chambers then filed a complaint in DeKalb Superior Court to set aside the consent judgment on the ground that he had been fraudulently induced by the bank to enter into the judgment. The basis for Mr. Chambers' allegations of fraud on the part of the bank was that, "It was agreed between the parties that the plaintiff herein [Chambers] would be given a substantial period of time in which to pay said judgment, it being well-known to the Bank that, because of serious financial losses sustained by the plaintiff herein as a result of the collapse of the real estate industry in the Atlanta, Georgia area that plaintiff herein could pay only out of future earnings . . . It was represented to the plaintiff herein that the Bank would be 'forever grateful' if plaintiff herein would agree to such consent judgment, and would be understanding and considerate in the event plaintiff herein could not make the periodic payments agreed upon." Count 1, pars. 8, 9 (R. 80).

In August of 1976, Mr. Chambers and the bank entered into another settlement agreement under which the bank agreed to dismiss the garnishments against Mr. Chambers, and Mr. Chambers agreed to dismiss the

complaint to set aside the consent judgment; the bank further agreed not to take any action to enforce the consent judgment until December 20, 1976, provided that Mr. Chambers would make certain monthly installment payments to the bank. After December 20, 1976, Mr. Chambers ceased making monthly payments to the bank. The bank attempted unsuccessfully to negotiate another agreement with Mr. Chambers. The bank then brought this suit in September of 1977, praying: (1) that Mr. Chambers' 1975 conveyance of real estate to his wife be declared void, (2) that a trust for the benefit of the bank and other of Mr. Chambers' creditors be impressed on the property or proceeds from the sale of the property, (3) that Marcella Chambers be enjoined from transferring the property, (4) that the consent judgment be declared a lien on this real estate, and (5) that the bank recover from the defendants the costs of the action and attorney fees.

The defendants answered and filed a counterclaim, praying in Count 1 that the consent judgment between Mr. Chambers and the bank be set aside on the ground that Mr. Chambers had been fraudulently induced by the bank to enter into the consent judgment.[1] Counts 2 and 3 prayed for injunctive relief and damages, respectively.

1. Did the trial court err in granting the bank a summary judgment on its complaint against the appellants? We hold that the trial court did not so err.

(a) Code § 28-201 declares the following acts by

---

[1] Mr. Chambers argues in this case that the consent judgment should be set aside on essentially the same grounds as advanced in the DeKalb Superior Court action between Chambers and the bank. The bank argues that the question as to the validity of the consent judgment on these grounds is, therefore, res judicata. However, it does not appear from the record in this case whether Chambers' complaint to set aside the consent judgment was dismissed with or without prejudice. Therefore, without deciding the res judicata question, we proceed in Division 2, infra, to determine the merits of the argument that the consent judgment is subject to being set aside for fraud.

debtors to be fraudulent in law against creditors and others, and as to them null and void: "Every conveyance of real or personal estate, by writing or otherwise, and every bond, suit, judgment and execution, or contract of any description, had or made with intention to delay or defraud creditors, and such intention known to the party taking. A bona fide transaction on a valuable consideration, and without notice or ground for reasonable suspicion, shall be valid." Code § 28-201 (2). "Every voluntary deed or conveyance, not for a valuable consideration, made by a debtor insolvent at the time of such conveyance." Code § 28-201 (3).

Mr. Chambers argues that the 1975 real estate conveyance from himself to his wife was not made with the intention to delay or defraud creditors; that, even if it was, that intention was not known to his wife, and she did not have ground for reasonable suspicion that that was his intention; and that he was not insolvent at the time of the conveyance.

Under Code § 28-201 (3), "the only facts necessary to be shown in order to render the deed from [the husband] to his wife fraudulent in law, are the indebtedness, the insolvency of the debtor, and that the deed was voluntary. When these facts are proved, the law conclusively presumes a fraudulent intent and declares the instrument void so far as creditors who held demands against the [debtor] at the time of the conveyance are concerned. [Cits.]" *Mercantile Nat. Bank v. Aldridge,* 233 Ga. 318, 321 (210 SE2d 791) (1974).

It is undisputed that at the time of the real estate conveyance from Mr. Chambers to Mrs. Chambers, he was indebted to the bank under the promissory note which was the subject matter of pending litigation between Mr. Chambers and the bank. It is also undisputed that the deed to Mrs. Chambers was voluntary. Therefore, whether or not the trial court was correct in granting the bank a summary judgment on its complaint to set aside the conveyance must depend on whether there was a genuine issue of material fact as to the insolvency of Mr. Chambers at the time of the conveyance.

A debtor is insolvent, within the meaning of Code § 28-201 (3), if after the voluntary deed or conveyance, the

property left or retained by the debtor is not ample to pay his existing debts. *New England Mut. Life Ins. Co. v. Childs,* 185 Ga. 198, 202, 203 (194 SE 561) (1937); *Federal Land Bank v. Bush,* 179 Ga. 627, 628 (176 SE 639) (1934); *Drake v. Ward-Truitt Co.,* 149 Ga. 54, 56 (99 SE 125) (1919).

In the present case, Mr. Chambers testified that at the time of the conveyance he was unable to pay all of his debts as they came due. By affidavit and deposition, Mr. Chambers has attempted to show that at the time of the 1975 conveyance he was not insolvent. This conflict in the evidence must be resolved against Chambers.

"[A] party testifying in his own favor has no right to be intentionally or deliberately self-contradictory; and if he is so, the courts are fully justified in taking against him that version of his testimony which is most unfavorable to him." *W. & A. R. Co. v. Evans,* 96 Ga. 481, 486 (23 SE 494) (1894). "This is a substantial, fundamental rule of evidence which has been followed consistently by all courts of this State. It has been utilized by the Supreme Court and by [the Court of Appeals] in . . . the sustaining and denial of motions for summary judgment (*Lampkin v. Edwards,* 222 Ga. 288 (3, 5) (149 SE2d 708); *Ryder v. Schreeder,* 224 Ga. 382, 386 (162 SE2d 375); *Dykes v. Hammock,* 116 Ga. App. 389 (157 SE2d 524); *Dykes v. Hammock,* 116 Ga. App. 390 (157 SE2d 525); *McKnight v. Guffin,* 118 Ga. App. 168 (162 SE2d 743); *Davis v. Ferrell,* 118 Ga. App. 690 (165 SE2d 313))." *Chandler v. Gately,* 119 Ga. App. 513, 520 (167 SE2d 697) (1969).

After these conflicts in Mr. Chambers' testimony have been resolved against him, there remains no genuine issue of material fact as to whether the conveyance to his wife was fraudulent in law against creditors under Code § 28-201 (3). The trial court did not err in granting the bank a summary judgment on this issue and, therefore, on its complaint.[2]

---

[2]That Mr. Chambers was insolvent, both before and after the 1975 conveyance, is also indicated by correspondence between the bank and Chambers' attorney of record in which Chambers' attorney admitted that, due to heavy financial losses, Chambers was unable

(b) The appellants' argument that the bank is barred because of unclean hands from obtaining equitable relief is based on the same allegations as their argument that the bank was guilty of fraud in obtaining Mr. Chambers' agreement to the consent judgment. The unclean-hands argument is similarly without merit.

(c) The appellants' argument that the bank is barred because of laches from bringing suit to set aside the fraudulent conveyance is also without merit. It would appear as though the statute of limitations for setting aside this conveyance has not yet run, and the appellants have not alleged any harm caused them by the bank's delay in bringing suit. See *Clover Realty Co. v. J. L. Todd Auction Co.*, 240 Ga. 124 (239 SE2d 682) (1977). Furthermore, the bank's delay in bringing suit was attributable to the action of Mr. Chambers as well as the bank.

2. Did the trial court err in granting the bank a summary judgment on counterclaim against the bank? We hold that the trial court did not err in this regard.

Mr. Chambers seeks to set aside the consent judgment on the ground that it was obtained by false and fraudulent representations on the part of the bank. See Code Ann. § 81A-160 (e) (Ga. L. 1966, pp. 609, 662 as amended). The fraud which Mr. Chambers alleges was practiced on him consists of an agreement by the bank that Chambers would be given a "substantial period of time in which to pay said judgment, said payment to be on a voluntary basis when funds were available for such payment." Chambers also alleges that it was represented

---

to pay his debts in December of 1975. Furthermore, in sworn pleadings filed in Chambers' earlier suit to set aside the consent judgment, he, in effect, admitted that due to serious financial losses he was unable to satisfy the consent judgment at the time it was taken. C & S makes a persuasive argument that Chambers is, therefore, estopped to contend now that he was not insolvent in December of 1975. Since Chambers, at the hearing below, admitted his insolvency at the time of the 1975 conveyance, it is unnecessary to reach the estoppel question.

to him that the bank would be "understanding and considerate in the event Chambers could not make the periodic payments agreed upon."

A consent judgment partakes of characteristics of both a contract and a judgment. See *Allen v. Withrow,* 215 Ga. 388 (110 SE2d 663) (1959) and cits.; *Kidd v. Huff,* 105 Ga. 209 (1) (31 SE 430) (1898). Therefore, just as fraud cannot be predicated upon an oral promise not to enforce the unambiguous terms of a written contract (*First Nat. Bank &c. Co. in Macon v. Thompson,* 240 Ga. 494 (241 SE2d 253) (1978)), it necessarily follows that fraud cannot be predicated upon similar promises not to enforce the unambiguous terms of a consent judgment.

These allegations presented no genuine issue as to whether fraud had been committed by the bank. Therefore, we hold that the trial court did not err in granting the bank's motion for summary judgment on Mr. Chambers' counterclaim. Code Ann. § 81A-156 (c) (Ga. L. 1966, p. 660 as amended).

3. Finally, the appellants argue that the trial court erred in assessing the bank's attorney fees against them.

In the present case, the bank has set aside a conveyance of the defendants as fraudulent in law against creditors. The trial court was authorized under these circumstances in finding that the defendants had acted in bad faith. Therefore, attorney fees against the defendants were awardable under Code § 20-1404.

*Judgment affirmed. All the Justices concur. Hill, J., disqualified.*

ARGUED SEPTEMBER 11, 1978 — DECIDED OCTOBER 18, 1978 — REHEARING DENIED NOVEMBER 7, 1978.

*Chambers & Cooper, John W. Chambers,* for appellants.

*Alston, Miller & Gaines, Ronald L. Reid, Dana D. Lamer,* for appellee.