## 57343. GENERAL TRAILER SERVICES, INC. v. YOUNG ENGINEERING, INC.

DEEN, Chief Judge.

The parties by letter contracted that the appellee engineering company would design, construct, and test a device for unloading wood and bark to be installed on the appellant's trailer. The offer stated that it was estimated the cost would run between $8,000 and $10,000, and that time of construction was estimated at six weeks "barring unforeseen circumstances." The plaintiff appellee did design and construct an unloader, but the actual time ran to sixteen weeks and the cost to an alleged $21,929.35. Further, testing was apparently under the control of General Trailer Services and the procedure outlined by Young was not followed. The machine failed to perform, was recalled and repaired but the purchaser never reclaimed or retested it. The engineering company eventually sued for and recovered the cost of construction. The defendant appeals.

1. The appellant contends in effect that the plaintiff breached a part of its contract in that it failed to test the pilot design before delivery and is therefore not entitled to the full cost of construction. The evidence, however, presents a jury question as to the reason for lack of initial testing. It appears that the machine had to be loaded on a trailer to be delivered to the purchaser prior to testing, and there is some evidence that it was then prematurely and ineptly tested by the purchaser in the absence of Young, the corporate engineer charged with the responsibility for creating the device, and contrary to his instructions.

2. Young testified as to costs of construction from a memorandum which was later disallowed over objection. The testimony itself, however, was not objected to and was sufficient to justify the price charged, a sum to be determined by adding material costs to labor at a charge of $25 per hour. This testimony was not, as was that in *Foster v. National Ideal Co.,* 119 Ga. App. 773 (168 SE2d 872) (1969), "admittedly based solely on knowledge gained from business records not offered or admitted in evidence." "As a general rule, the testimony of one who

has knowledge of the facts from which books of account are made up is primary evidence as to those facts." *Villa Rica Mfg. Co. v. General Am. Life Ins. Co.,* 55 Ga. App. 328 (2) (190 SE 49) (1937). It does not affirmatively appear that the witness had no personal knowledge of the costs as to which he testified.

3. The fact that testimony is inconsistent or self contradictory is a matter which addresses itself to the jury, not to the appellate court, except in extreme circumstances. *Sherman v. Stephens,* 30 Ga. App. 509 (4) (118 SE 567) (1923). If Young, in his testimony for the plaintiff corporation, contradicted himself as to the cost of designing and building the machine, this was an area which should have been explored on cross examination with the intent of raising a doubt as to the witness' credibility or knowledge of the facts sought to be testified to.

None of the enumerations of error requires a reversal of the case.

*Judgment affirmed. McMurray, P. J., and Shulman, J., concur.*

ARGUED MARCH 7, 1979 — DECIDED APRIL 9, 1979 — REHEARING DENIED APRIL 30, 1979.

*Taylor, Morris & Hotz, Walter H. Hotz, J. Tyler Tippett,* for appellant.

*McCord, Cooper, Voyles & Kimbrough, Robert B. McCord, Jr.,* for appellee.