60611. RENFROE v. BRONSON et al.

QUILLIAN, Presiding Judge.

This is an appeal from a summary judgment.

Plaintiff-appellant Renfroe was injured in an automobile collision on June 8, 1975. She employed defendant-appellee attorney Bronson to represent her in recovering for damages incurred as a result of the injury. On June 6, 1978 Bronson filed suit for Renfroe against the alleged tortfeasors but summary judgment was granted against Renfroe because the action was barred by the two year statute of limitations, Code Ann. § 3-1004. Whereupon Renfroe commenced this action for damages against attorney Bronson for neglect of professional duties based on Bronson's failure to commence her personal injury action within the statute of limitations. Bronson's motion for summary judgment was granted by the trial court on the ground that Renfroe's medical expenses in the personal injury suit were not greater than the $500 threshold amount provided in the definition of "serious injury" in the Georgia Motor Vehicle Reparations Act, Code Ann. § 56-3402b (j) (Ga. L. 1974, pp. 113, 114; 1975, pp. 1202, 1203). *Held:*

In granting the summary judgment the trial court said that Renfroe's answer to Bronson's second interrogatories was intentionally and deliberately self-contradictory as it related to Renfroe's claims for expenses incurred for medication and that in accordance with the decisions in *Chambers v. C. & S. Nat. Bank,*

242 Ga. 498 (249 SE2d 214) and *Combs v. Adair Mtg. Co.,* 245 Ga. 296 (264 SE2d 226), the court was entitled to treat the answer as if it did not exist and to rely upon Renfroe's answers to Bronson's first interrogatories.

In response to Bronson's first interrogatories asking for itemization of all out of pocket expenses because of the injury as of the present time, on February 12, 1979 Renfroe listed medical expenses in excess of $500, of which $143.18 were listed as confirmed medications and $100 were listed as unconfirmed medications.

In answer to Bronson's second interrogatories asking for a listing of each medical expense incurred prior to June 8, 1977 (when the statute of limitations expired), on March 6, 1980 Renfroe listed medical expenses in excess of $500 of which $200 were listed as prescribed medications.

We do not agree with the trial court's ruling for several reasons.

(1) We do not find any evidence in the record that the second listing of $200 medications within two years after the injury was an intentional and deliberate contradiction in itself or was a contradiction of the first listing of $143.18 confirmed and $100 unconfirmed medications as of February 12, 1979. Appellees claim in their brief that the trial judge found the second listing deliberately and intentionally self-contradictory because copies of 15 medical bills they had obtained from Renfroe and provided to the trial judge during argument on the motion for summary judgment showed that over $100 of the confirmed medications were incurred after the two year statute of limitations had expired, thus making the second listing of $200 of medical expenses self-contradictory. These bills are not in the record nor is there anything else to support such a contention.

(2) Even if the answers to the second interrogatories are disregarded as the trial court did, the answers to the first interrogatories show medical expenses in excess of the $500 threshold. The trial court apparently believed and the appellees argue that Renfroe had to establish that she was over the $500 threshold within the two years of the statute of limitations and that her answers to the first interrogatories did not do so. The statute of limitations sets the time in which an action must be filed but it does not limit the time in which damages may accrue, as a plaintiff may by amendment allege and prove additional damages which may have occurred after suit is filed. See generally 8 EGL 40, Damages, § 30. Any other conclusion would discriminate unfairly against those who recover slowly from long lasting injuries in which medical expenses are spread over a relatively long period compared to those whose injuries create high medical expenses in a short time, a result we do

not believe was legislatively intended.

(3) The deposition of Renfroe's treating physician, Dr. Johnson, established his charges alone for treatment of Renfroe's injury as of September 18, 1979 were $601, in excess of the statutory threshold.

(4) Dr. Johnson's deposition also establishes that Renfroe had 15 to 20 percent permanent partial disability to her whole body due to the injury, placing her within another meaning of "serious injury" of Code Ann. § 56-3402b (j), supra, "permanent loss of a bodily function."

Finding the evidence given by Renfroe in her answers to the two interrogatories not self-contradictory and thus not within the rule of *Chambers v. C. & S. Nat. Bank,* 242 Ga. 498, supra, and *Combs v. Adair Mtg. Co.,* 245 Ga. 296, supra, and following the rule of *Burnette Ford, Inc. v. Hayes,* 227 Ga. 551 (181 SE2d 866) that all of the evidence adduced on a motion for summary judgment is construed most strongly against the movant, we find that the trial court erred in granting summary judgment to defendant-appellee Bronson.

*Judgment reversed. Shulman and Carley, JJ., concur.*

SUBMITTED SEPTEMBER 17, 1980 — DECIDED OCTOBER 24, 1980.

*Philip M. Casto,* for appellant.

*Bruce H. Beerman, Warren C. Fortson, Kenneth L. Millwood,* for appellees.