36924. TRI-CITIES HOSPITAL AUTHORITY et al. v.
SHEATS.

JORDAN, Chief Justice.

Respondent Sheats sued petitioners for medical malpractice four years after his treatment. Contending that a two-year statute

of limitation applied, petitioners moved for summary judgment. Sheats argued that he had been rendered mentally incompetent by his negligent care until approximately one year prior to his bringing suit. Sheats' testimony in a deposition and statements in an affidavit offered in opposition to summary judgment appeared to conflict on his condition during his alleged incapacity. Summary judgment was denied. The Court of Appeals granted an interlocutory appeal, and held that inconsistencies of this nature become questions of credibility to be determined by a jury. *Tri-Cities Hosp. Auth. v. Sheats,* 156 Ga. App. 28 (273 SE2d 903) (1980). We granted certiorari and affirm.

The rule to be applied on motion for summary judgment when the movant would not have the burden of proof at trial was announced by this court in *Burnette Ford, Inc. v. Hayes,* 227 Ga. 551 (181 SE2d 866) (1971). *Burnette* held that all evidence adduced on a motion for summary judgment, including the testimony of the party opposing the motion, was to be construed more strongly against the movant. Subsequently, in *Chambers v. C. & S. Nat. Bank,* 242 Ga. 498 (249 SE2d 214) (1978), a distinctive factual situation arose in which a respondent to a motion for summary judgment testified that at the time of the allegedly fraudulent conveyance he could not pay all of his debts. This fact was also shown by additional evidence introduced by the movant. 242 Ga. at 502, fn. 2. However, the respondent submitted his affidavit to the effect that he was solvent at the time of the transfer and so the conveyance in question could not have been fraudulent. He was obviously solvent or insolvent, and his statements that he was and that he was not were in direct contradiction of each other. Therefore, we held that when self-contradictory statements were made by a party in opposition to a motion for summary judgment, the trial court would be authorized to take that portion of the testimony more unfavorable to the respondent into consideration in making a decision.

In *Combs v. Adair Mtg. Co.,* 245 Ga. 296 (264 SE2d 226) (1980), in answer to a certified question from the Court of Appeals we concluded that the rule enunciated in *Burnette* remained in effect and that our holding in *Chambers* came about as a result of factual differences. The two cases were compatible on that basis.

We take the opportunity today to reiterate that *Burnette* is the predominant rule and only in cases where there is a direct contradiction in the testimony of the respondent as to a material issue of fact will that party's unfavorable testimony be taken against him. See e.g., *Six Flags Over Ga. v. Hill,* 247 Ga. 375 (276 SE2d 572) (1981).

In the instant case, Sheats gave deposition testimony to the

effect that he had been in a coma from early September to October of 1974; that he was unable to walk or talk after regaining consciousness though these functions eventually returned; that he remained "foggy" for a period of time, was unable to get a job and relied on his brother for housing and support. He testified that until March of 1977 he essentially "laid around the house."

Sheats' affidavit, made some four and a half months after his deposition, stated that he was totally incapable of transacting business for himself, was able to do so only at the prompting of others, and negotiated his social security checks under someone else's direction. These statements do not materially contradict what was said in the deposition so as to allow a trial judge to disregard the more favorable part of Sheats' testimony.

We therefore affirm the Court of Appeals' and the trial court's judgment that summary judgment should not have been granted in this case.

*Judgment affirmed. All the Justices concur, except Smith, J., who concurs specially.*

DECIDED JUNE 23, 1981.

*Long, Weinberg, Ansley & Wheeler, Sidney F. Wheeler, Michael T. Bennett,* for appellants.

*Davenport & Moore, W. Gary Moore, Maurice Davenport,* for appellee.

SMITH, Justice, concurring specially.

The instant case raises an important issue in regard to the meaning of our holding in *Chambers v. C. & S. Nat. Bank,* 242 Ga. 498 (249 SE2d 214) (1978). While I agree with the judgment of affirmance, I believe the majority's "direct contradiction" test for determining the effect of discrepancies in the respondent's testimony on summary judgment is not adequately explained.

In *Chambers,* this court attempted to frame a rule governing self-contradictory statements made by a party opposing summary judgment. The rule adopted by the court is taken from an early Supreme Court opinion, *Western & A. R. Co. v. Evans,* 96 Ga. 481, 486 (23 SE 494) (1894): "[A] party testifying in his own favor has no right to be *intentionally or deliberately* self-contradictory; and if he is so, the courts are fully justified in taking against him that version of his testimony which is most unfavorable to him." (Emphasis supplied.)

Until *Chambers,* the "intentional and deliberate" requirement of *Evans* had been almost totally disregarded. See, e.g., *Lampkin v. Edwards,* 222 Ga. 288, 290 (3) (149 SE2d 708) (1966); *Douglas v.*

*Sumner,* 213 Ga. 82, 85 (97 SE2d 122) (1957); *Turnmire v. Higgins,* 176 Ga. 368 (168 SE 5) (1933). As noted in Anno., 169 ALR 798, 807: "Upon [the] slim foundation [of *Evans*], [and] the *assumption* that the party's testimony is intentionally and deliberately self-contradictory, the Georgia courts have framed their formula which rejects a party's claim or defense if he happens to testify inconsistently, and any interpretation of his testimony will negative his case, unless there is other evidence in support of it." (Emphasis supplied.)

A liberal meaning of the "direct contradiction" test would seem to revive the pre-*Chambers* rule. I trust this is not what the court had in mind. "[S]ummary judgment may be granted on evidence that would compel the direction of a verdict; and should be denied when a directed verdict would be improper." 6 Moore's Federal Practice, ¶ 56.15[4], p. 56-522. "[T]he rule followed by most courts is that a party may rely on more favorable evidence in his own testimony to overcome the effect of his own self-injurious statement in his own testimony, no distinction being made in this respect from situations where such curative evidence is from other witnesses. According to this rule, it is for the trier of fact to decide the issue upon all the evidence." 30 AmJur2d, 242 Evidence, § 1087.

The Court of Appeals appears to have followed the above rule in several cases reviewing lower court rulings on summary judgment. In *Mathis v. R. H. Smallings & Sons,* 125 Ga. App. 810 (189 SE2d 122) (1972), the court reversed summary judgment in favor of the movant, holding: "The evidence . . . was in conflict. That this conflict may have been occasioned by conflicting testimony of the same witnesses, whether parties or not, does not alter the result. [Cits.]" See *Giant Peanut Co. v. Carolina Chemicals, Inc.,* 129 Ga. App. 718, 720 (200 SE2d 918) (1973); see also *General Trailer Services v. Young Engineering, Inc.,* 149 Ga. App. 721 (256 SE2d 35) (1979). I do not view the instant case as necessarily disapproving of this language.

On motion for summary judgment, "[a]n opposing party's affidavit should be considered although it differs from or varies his evidence as given by deposition or another affidavit . . ." 6 Moore's Federal Practice, ¶ 56.15[4], p. 56-522; Price v. Worldvision Enterprises, 455 FSupp. 252, 265 (S.D.N.Y. 1978), affirmed without opinion, 603 F2d 214 (2d Cir. 1979); Adams v. United States, 392 FSupp. 1272, 1274 (E.D. Wisc. 1975). This, however, does not eliminate *Chambers.* Where the opposing party's subsequent affidavit contradicts his deposition or prior affidavit as to an immaterial fact, summary judgment, if otherwise proper, should be granted in favor of the movant. "[A] party [opposing summary judgment should not be permitted to] contend that the trier of fact

might find that the statements contained in his own personal affidavit are untrue so that this alone would put his credibility in issue." 6 Moore's Federal Practice, ¶ 56.15[4], pp. 56-522-523. "If a party who has been examined at length on deposition could raise an issue of fact simply by submitting an affidavit contradicting his own prior testimony, this would greatly diminish the utility of summary judgment as a procedure for screening out [spurious] issues of fact." Perma Research and Development Co. v. Singer Co., 410 F2d 572, 578 (2d Cir. 1969). Moreover, despite the general rule that "a genuine issue can exist by virtue of a party's affidavit even if it conflicts with earlier testimony in the party's deposition," (Kennett-Murray Corp. v. Bone, 622 F2d 887, 893 (5th Cir. 1980)), the rule of *Chambers* should apply even though the conflicting testimony relates to a material issue where reasonable minds would not differ as to whether "the contradictory affidavit constituted a sham." Id. at 894; DiMauro v. Pavia, 492 FSupp. 1051, 1059 (D. Conn. 1979). Such a determination must be made on a case by case basis.