## 63303. WARD v. GRIFFITH.

SHULMAN, Presiding Judge.

On June 4, 1980, James Ward filed suit alleging that he had sustained injuries on March 8, 1978, as a result of the negligence of his landlord, Hoyt Griffith. After defendant pled the statute of limitation as an affirmative defense, plaintiff amended his complaint to avoid the bar of the statute by averring that the statute had been tolled by plaintiff's mental incapacity from March 8, 1978 through December 4, 1978. Based upon the pleadings and the depositions of both the plaintiff and his 1978 treating physician, defendant moved for summary judgment. In response thereto, plaintiff submitted his affidavit which stated that he had been "totally incapable mentally of transacting any business for himself" from March 9, 1978 until December 4, 1978. Plaintiff appeals from the grant of defendant's motion for summary judgment.

A personal injury action has a two-year statute of limitation which begins to run on the date that suit on the claim can first be brought. Code Ann. § 3-1004; *Hoffman v. Ins. Co. of N. America,* 241 Ga. 328 (245 SE2d 287). However, the statute is tolled if a party demonstrates that he was laboring under a mental disability such that he was incapable of managing the ordinary business of life. Code Ann. §§ 3-801, 3-1005. See *Lowe v. Pue,* 150 Ga. App. 234 (257 SE2d 209).

At his deposition on January 27, 1981, plaintiff testified that he had never been seen by a psychiatrist or psychologist, that he had been Psychoanalyzed (a statement he later contradicted within the same deposition), but that he had never been declared incompetent. He further stated that he did not have any mental problems and in answer to the question "And you say you have had no mental problem?" he replied, "No, sir." Over five months later, in an affidavit filed in response to defendant's motion for summary judgment, plaintiff swore that "[f]rom March 9, 1978 until approximately December 4, 1978, he has been totally incapable mentally of transacting any business for himself. During that time period, any business which he tried to do on the prompting of someone else, he could not understand and manage resulting in someone else having to do it for him or the thing being left undone. During that time he negotiated Social Security checks by signing them at someone else's urging and under their direction." The affidavit filed by plaintiff is identical to that used to defeat a defendant's motion for summary judgment in *Tri-Cities Auth. v. Sheats,* 156 Ga. App. 28 (273 SE2d 903), affd. 247 Ga. 713 (279 SE2d 210).

In *Burnette Ford, Inc. v. Hayes,* 227 Ga. 551 (181 SE2d 866), the Supreme Court established the rule that where a party who does not have the burden of proof on trial of the case makes a motion for summary judgment, all evidence adduced on the motion, including the testimony of the party opposing the motion, is construed most strongly against the movant. Where, however, the respondent to a motion for summary judgment makes deliberate and intentional self-contradictory statements about a material issue of fact, that party's unfavorable testimony may be used against him. *Chambers v. C. & S. Nat. Bank,* 242 Ga. 498 (249 SE2d 214).

The two statements made by plaintiff did not directly contradict each other: the affidavit is limited to plaintiff's mental capacity from March to December, 1978, while the deposition is couched in terms of the present tense (January 1981). Since it cannot be said that plaintiff's affidavit is in material conflict with any position asserted by him in his deposition, *Chambers* is inapplicable and *Burnette Ford* requires that the evidence be construed most favorably for him. Because a material issue then exists, the grant of summary judgment to defendant must be reversed. See *Turner v. Clark & Clark,* 158 Ga. App. 79, 82-83 (279 SE2d 323).

*Judgment reversed. Quillian, C. J., concurs. Carley, J., concurs specially.*

Decided April 6, 1982—
Rehearing denied April 27, 1982—

*Ron Parnell,* for appellant.
*Warner S. Currie, E. Christopher Harvey, Sherie Bell Christy,* for appellee.

Carley, Judge, concurring specially.
Unlike the majority, I am not able to say with certainty whether there was or was not a conflict between the affidavit and the deposition testimony. I do know that I do not agree with that portion of the original majority opinion stating that the deposition testimony "is couched in terms of the present tense . . ." The question and answer in the deposition were as follows: "And you say you *have had* no mental problems? . . . No sir." The emphasized language is clearly past, not present tense. However, on motion for rehearing the majority suggests another possible interpretation of the question and answer without characterizing the tense in which the question was phrased. Under this admittedly literal analysis, the plaintiff denied

that he said that he had not had any mental problems. Although overly exact and perhaps strained, such a construction of the testimony is technically correct. Nevertheless, I remain uncertain as to whether — under any interpretation — the relevant deposition testimony is contradicted by the affidavit. Because of that very uncertainty, I do not see how it can be said that any contradiction which did occur was deliberate or intentional so as to trigger the application of the rule of *Chambers v. C. & S. Nat. Bank,* 242 Ga. 498 (249 SE2d 214) (1978). Thus I concur with the majority in its determination that the grant of summary judgment must be reversed.

ON MOTION FOR REHEARING.

On motion for rehearing, defendant asserts that plaintiff, in his deposition, denied having any mental problems, past or present. However, a literal reading of plaintiff's deposition reveals that plaintiff responded negatively to the assertion that he was saying that he had had no mental problems. Taking the printed word for what it actually says and casting aside other possible interpretations which depend upon the speaker's intent, we must again conclude that plaintiff's deposition and affidavit are not in direct contradiction with each other, and the rule enunciated in *Burnette Ford, Inc. v. Hayes,* 227 Ga. 551 (181 SE2d 866), rather than the rule in *Chambers v. C. & S. Nat. Bank,* 242 Ga. 498 (249 SE2d 214), must be applied.
*Motion for rehearing denied.*